**Kismet Y. WASHINGTON, Appellant,**

v.

**TYLER INDEPENDENT SCHOOL DISTRICT, Appellee.**

No. 12–96–00064–CV.

Court of Appeals of Texas, Tyler.

Aug. 30, 1996.

Bob White Hurst, Tyler, for appellant.

M. Keith Dollahite, Tyler, for appellee.

Before RAMEY, C.J., and HOLCOMB and HADDEN, JJ.

HOLCOMB, Justice.

Kismet Y. Washington ("Washington") sued the Tyler Independent School District ("TISD") claiming that the school district discharged her because she filed and pursued a worker's compensation claim. The trial court granted TISD's Motion for Summary Judgment and dismissed Washington's action for lack of jurisdiction. Washington appeals, presenting five points of error. We will affirm.

In 1990, Washington became a primary skills class aide at TISD's Dixie Elementary School. As a primary skills aide, Washington worked with the children, assisted them in the bathroom, helped the children with their work, and accompanied them to the playground, physical education class, and lunch. In September of 1992, Washington suffered an on-the-job injury and received worker's compensation benefits. On July 24, 1994, Washington's doctor released her to return to work, with the restriction that Washington was not to lift anything that weighed more than forty pounds. On September 22, 1994, Washington filed suit against TISD, claiming that TISD had wrongfully terminated her and discriminated against her for filing a worker's compensation claim. It is uncontested that Washington never advised TISD of her complaint prior to filing suit. TISD moved for summary judgment on the ground that Washington failed to exhaust her administrative remedies, and therefore, the trial court was without jurisdiction of Washington's claim. The trial court granted TISD's motion and dismissed Washington's claim.

■ In her first point of error, Washington contends that the trial court erred in granting TISD's Motion for Summary Judgment. The trial court's order stated that it was dismissing Washington's cause for lack of jurisdiction because Washington had failed to exhaust her administrative remedies. Washington maintains that she was not required to exhaust such remedies because the school board acted without authority and contrary to express statute. We disagree.

■ "Texas requires that an aggrieved party must first exhaust all remedies provided under the statutory administrative scheme if the subject matter: (1) concerns the administration of school laws, and (2) involves questions of fact." *Jones v. Dallas Indep. Sch. Dist.*, 872 S.W.2d 294, 296 (Tex.App.—Dallas 1994, writ denied) (citing *Mission Indep. Sch. Dist. v. Diserens*, 144 Tex. 107, 111, 188 S.W.2d 568, 570 (1945)). An aggrieved party must first exhaust its administrative remedies in order to enforce its rights in an orderly manner. *Jones*, 872 S.W.2d at 296. The administrative procedure is not meant to deprive persons of legal rights. *Id.*

■ Before filing suit in the district court, a person who alleges that a school district wrongfully terminated his employment contract must apply to school authorities for relief. *Mitchison v. Houston Indep. Sch. Dist.*, 803 S.W.2d 769, 773 (Tex.App.—Houston [14th Dist.] 1991, writ denied); *Benavides Indep. Sch. Dist. v. Guerra*, 681 S.W.2d 246, 248 (Tex.App.—San Antonio 1984, writ ref'd n.r.e.). The Legislature has empowered the Commissioner of Education to reverse a termination of employment or contract nonrenewal on appeal. Tex. Educ.Code Ann. §§ 11.13, 13.115, 21.207 (Vernon 1987 & Supp.1994).

■ When only questions of law are involved, an aggrieved party is not required to exhaust its administrative remedies before presenting its claim to the district court. *Benavides*, 681 S.W.2d at 248. Similarly, an aggrieved party may appeal directly to the courts "if the school board acted without authority and contrary to express statutes." *Mitchison*, 803 S.W.2d at 773. However, "[w]hen a teacher is being terminated, questions of fact are involved and must be appealed to administrative authorities before the teacher resorts to the courts." *Barrientos v. Ysleta Indep. Sch. Dist.*, 881 S.W.2d 159, 160

(Tex.App.—El Paso 1994, no writ). A discharged employee's complaint that he was discharged as a retaliatory gesture is precisely the kind of complaint that must first be presented in an administrative hearing. *Barrientos,* 881 S.W.2d at 161.

Because she admittedly failed to pursue her administrative remedies, Washington's first point of error must fail. Washington admitted that she never filed a written grievance with TISD. Neither did she ever talk to anyone at TISD about her complaint, discuss her complaint with her supervisor, or present her claim to the school board.

Washington's belief that her case falls within an exception to the exhaustion of remedies rule is misplaced. Washington does not contend that TISD did not have authority to terminate her employment, only that it was done with a retaliatory motive. To paraphrase the *Barrientos* court, there may be a fact question of whether Washington's termination was done for retaliatory motives, but that is a matter that must first be presented in an administrative hearing. We therefore overrule Washington's first point of error.

■ Washington's second and fourth points of error complain that the trial court erred in considering certain of TISD's summary judgment evidence. First, Washington alleges that the trial court should not have "allowed into evidence ... a document that was not produced in discovery." Second, Washington maintains that the trial court erred in overruling her objection to the affidavit of Janet Reid, principal of Dixie Elementary School. In her response to TISD's Motion for Summary Judgment, Washington objected to the above documents. However, the transcript does not contain the trial court's ruling on either document.

■ In a summary judgment proceeding, a party objecting to summary judgment evidence must obtain a ruling on its objections to preserve error for appellate review. *Fox Elec. Co. v. Tone Guard Sec., Inc.,* 861

S.W.2d 79, 81 (Tex.App.—Fort Worth 1993, no writ). Further, the trial court's order must be reduced to writing and filed among the papers of the cause. *Utilities Pipeline Co. v. American Petrofina Mktg.,* 760 S.W.2d 719, ·723 (Tex.App.—Dallas 1988, no writ).

By failing to obtain a ruling on her objections, Washington has effectively waived her complaint with regard to TISD's summary judgment proof. Although Washington objected to TISD's summary judgment evidence, the transcript does not contain a ruling on her objections. Washington has failed to preserve her objections for appellate review. We therefore overrule Washington's second and fourth points of error.

■ In her third point of error, Washington claims that equitable estoppel and/or equitable tolling should apply to her claim, and therefore, the trial court erred in granting summary judgment in favor of TISD. Washington's essential claim is that TISD and its representatives failed to advise her that she needed to pursue her administrative remedies prior to filing suit.[1]

'It is unquestionably the general rule that in matters involving the administration of public school matters persons considering themselves aggrieved thereby are required to appeal to the higher school authorities before resorting to the courts.'

*Daniel v. Dallas Indep. Sch. Dist.,* 351 S.W.2d 356, 359 (Tex.Civ.App.—El Paso 1961, writ ref'd n.r.e.) (quoting *Bear v. Donna Indep. Sch. Dist.,* 74 S.W.2d 179, 180 (Tex.Civ.App.-San Antonio 1934, writ ref'd)). If an aggrieved employee fails to exhaust his administrative remedies, the trial court is without jurisdiction to hear such party's claims. *Jones v. Dallas Indep. Sch. Dist.,* 872 S.W.2d 294, 297 (Tex.App.—Dallas 1994, no writ). "[J]urisdiction of a court is so important and essential that it has long been held that it cannot be waived or conferred by

---

1. Although Washington has implied in her brief that TISD concealed from her its written employment policies, Washington admitted that she was aware of the policies and knew where to obtain them. Washington also admits that she never discussed her claim with anyone at TISD.

Washington's affidavit in support of her Response to Motion for Summary Judgment does not controvert her testimony, but merely states that TISD representatives did not direct or counsel her to file a grievance.

consent or estoppel." *Daniel,* 351 S.W.2d at 359.[2]

The facts and circumstances of *Daniel* are applicable to the present case. Daniel, a former school district employee, complained that the school district had wrongfully discharged him. The school board conducted a hearing and refused to reinstate Daniel. The school superintendent and school board told Daniel that there was nothing more for him to do, that the matter was concluded, and that the matter was at an end. *Daniel,* 351 S.W.2d at 358–59. Daniel did not pursue any further administrative remedies, but filed suit against the school district. The court held that even the representations by the superintendent and school board did not prevent the school district from claiming that Daniel did not exhaust his · administrative remedies because estoppel could not confer jurisdiction on the district court. *Daniel,* 351 S.W.2d at 359.

It is undisputed that Washington did not exhaust her administrative remedies prior to filing suit. Washington contends that TISD concealed its policies from her and prevented her from exercising her administrative remedies. While such allegations may create a fact issue regarding estoppel, estoppel cannot confer jurisdiction on the trial court. We hold that the trial court did not err in granting summary judgment over Washington's estoppel allegations. We therefore overrule Washington's third point of error.

In her fifth point of error, Washington alleges that the trial court erred in not granting her a continuance of the summary judgment hearing. We disagree.

A party opposing a summary judgment motion may request a continuance so that he may present facts essential to justify his opposition to the motion. Tex.R. Civ. P.

166a(g). The party moving for a continuance must obtain a ruling on its motion in order to preserve a complaint for appellate review. Tex.R.App. P. 52(a). Failure to obtain a written ruling on the motion for continuance of a summary judgment hearing waives any error. *Id.*; *Camden Mach. & Tool, Inc. v. Cascade Co.,* 870 S.W.2d 304, 309 (Tex. App.—Fort Worth 1993, no writ).

The trial court set the hearing on TISD's Motion for Summary Judgment for November 17, 1995. On November 3, 1995, Washington moved for a continuance to allow her to complete discovery. The transcript does not contain a written order of the court overruling Washington's Motion for Continuance. Therefore, Washington has waived her complaint with regard to the trial court's action on her motion. Accordingly, we overrule Washington's fifth point of error.

The judgment of the trial court is **affirmed.**

---

2. In support of her position, Washington cites *DeMoranville v. Specialty Retailers,* 909 S.W.2d 90 (Tex.App.—Houston [14th Dist.] 1995), *rev'd in part,* 39 Tex. Sup.Ct. J. 638, 933 S.W. 2d 490 (Tex.1996). Specifically, Washington relies on the following portion of the *DeMoranville* opinion: "When the employer hides vital information from the employee that prevents the employee from *knowing of the age discrimination,* equitable estoppel is recognized to toll the 180 day filing period [for filing an EEOC complaint]." *DeMoranville,* 909 S.W.2d at 93 (emphasis added). We distinguish *DeMoranville* from the present case in that Washington does not allege that TISD prevented her from knowing of her discrimination, but rather of a TISD policy. We also note that the Texas Supreme Court has reversed in part the Fourteenth Court of Appeals in *Specialty Retailers, Inc. v. DeMoranville,* 39 Tex. Sup.Ct. J. 638, 933 S.W.2d 490 (Tex.1996).