**DALLAS INDEPENDENT SCHOOL DISTRICT, Appellant,**

v.

**William Ray POWELL, Appellee.**

**No. 05–00–01910–CV.**

Court of Appeals of Texas, Dallas.

June 20, 2001.

Rehearing Overruled July 27, 2001.

Dennis J. Eichelbaum, Schwartz & Eichelbaum, P.C., Plano, for appellant.

Karen Roberts Washington, Dallas, for appellee.

Before Justices JAMES, MOSELEY, and ROACH.

**OPINION**

Opinion By Justice JAMES.

William Ray Powell brought suit against the Dallas Independent School District (DISD) alleging DISD constructively terminated his employment in retaliation for

filing a workers' compensation claim. DISD brings this interlocutory appeal from the denial by the trial court of DISD's second plea to the jurisdiction, arguing in one point of error that the trial court erred in denying DISD's plea to the jurisdiction because DISD established there was an administrative remedy and Powell did not utilize the remedy available. For the reasons set forth below, we affirm the judgment of the trial court.

## Background

Powell was employed by DISD as a custodian from August 1983 until approximately March 1995. In February 1994, Powell was injured at work. Powell reported the injury to DISD and filed a workers' compensation claim. Powell returned to work after surgery and was told there were no longer any full-time positions available. DISD offered to place Powell on the substitute custodian list but never called Powell for a substitute position. Powell sued DISD for retaliatory discharge under the workers' compensation act. DISD filed a plea to the jurisdiction alleging that Powell failed to exhaust the administrative remedies under the Texas Education Code[1] before filing suit. Powell responded that there were no remedies to exhaust under the code; therefore, his only remedy was in the courts. The trial court denied DISD's plea to the jurisdiction, and DISD appealed to this Court. This Court affirmed the trial court's ruling, concluding that DISD had failed to identify a specific administrative remedy available to Powell. DISD then filed a second plea to the jurisdiction in the trial court, supplemented with a copy of the DISD grievance policy, and alleged that the grievance policy clearly stated that all employees have the right to "present grievances concerning their wages, hours of employment, or conditions of work," and that Powell failed to exhaust the applicable administrative remedies. The trial court denied DISD's second plea to the jurisdiction, and this appeal followed.[2]

## DISD's Second Plea to the Jurisdiction

In its sole point of error, DISD contends the trial court erred in denying its plea to the jurisdiction because Powell failed to exhaust the administrative remedies established in the DISD grievance policy.

■■■ In considering an interlocutory appeal from a denial of a plea to the jurisdiction, we must take the allegations in the petition as true and construe them

---

1. DISD made reference to section 7.057 of the Texas Education Code and cited *Jones v. Dallas Independent School District*, 872 S.W.2d 294 (Tex.App.—Dallas 1994, writ denied). However, in this Court's unpublished opinion affirming the trial court's judgment denying DISD's first plea to the jurisdiction, we concluded these citations were not applicable to Powell's claims. *Dallas Indep. Sch. Dist. v. Powell*, No. 05–97–01637–CV, 1999 WL 1025246 (Tex.App.—Dallas Nov.12, 1999, no pet.) (not designated for publication), 1999 WL 1025246, at *1–2.

2. Powell's counsel filed a motion to withdraw as counsel of record, claiming Powell is now deceased. Rule of appellate procedure 7.1(a)(1) states:

> If a party to a civil case dies after the trial court renders judgment but before the case has been finally disposed of on appeal, the appeal may be perfected, and the appellate court will proceed to adjudicate the appeal as if all parties were alive. The appellate court's judgment will have the same force and effect as if rendered when all parties were living. The decedent party's name may be used on all papers.

While the rules do not specifically address interlocutory appeals, we construe rule 7.1(a)(1) to apply to interlocutory appeals. The motion to withdraw was denied on April 23, 2001.

in favor of the pleader. *Tex. Ass'n of Bus. v. Tex. Air Control Bd.*, 852 S.W.2d 440, 446 (Tex.1993). Because the question of subject matter jurisdiction is a legal question, we review the trial court's order denying appellant's plea to the jurisdiction under a de novo standard of review. *Mayhew v. Town of Sunnyvale*, 964 S.W.2d 922, 928 (Tex.1998), *cert. denied*, 526 U.S. 1144, 119 S.Ct. 2018, 143 L.Ed.2d 1030 (1999); *Denton County v. Howard*, 22 S.W.3d 113, 118 (Tex.App.—Fort Worth 2000, no pet.).

■ Here, the pleadings indicate Powell filed suit because of alleged retaliatory discharge by DISD. DISD contends Powell failed to exhaust the applicable administrative remedies; its grievance policy allows that any "matter which involves appeal or grievance procedures set out in another policy or by law and that also concerns wages, hours of work, or conditions of work may be grieved." DISD points to the uncontested affidavit of Robert L. Johnston, Secretary for the DISD Board during 1985–1997, presented in support of its plea, in which Johnston states that "all DISD employees were permitted to file grievances concerning their wages, hours of employment, or conditions of work." However, Powell was alleging retaliatory discharge due to his filing a workers' compensation claim. DISD fails to establish how Powell's claim fits within the grievance policy's procedures regarding "wages, hours of work, or conditions of work." Because the defendant bears the burden to establish the trial court's lack of jurisdiction, we narrowly construe DISD's policies seeking to limit jurisdiction. *See Peek v. Equip. Serv. Co. of San Antonio*, 779 S.W.2d 802, 804–805 (Tex.1989); *see also MCI Telecomm. Corp. v. Tarrant County Appraisal Dist.*, 723 S.W.2d 350, 353 (Tex. App.—Fort Worth 1987, no writ).

We, therefore, conclude that a grievance procedure for "wages, hours of work, or conditions of work" does not include complaints regarding retaliatory discharge for filing a workers' compensation claim. Thus, DISD failed to establish Powell had any administrative remedies he was required to pursue before filing suit with the trial court.

The dissent would remand this case a second time to the trial court without addressing the issues on appeal based solely upon allegations outside the record. The dissent cites no authority, and we find none, for this Court to invoke, sua sponte, rule of civil procedure 151 in a pending appeal. *See Gainesville Oil & Gas Co. v. Farm Credit Bank*, 847 S.W.2d 655, 664 (Tex.App.—Texarkana 1993, no writ).

For the reasons set forth above, we affirm the trial court's judgment.

MOSELEY, J. dissenting.

Dissenting Opinion By Justice MOSELEY.

I respectfully dissent from the majority opinion addressing the merits of this interlocutory appeal. As an officer of the Court, counsel for William Ray Powell (plaintiff below and appellee in this case) has indicated to the Court that her client, Powell, is dead. Further, she has indicated she has attempted to ascertain and contact Powell's next-of-kin (without success), and she does not represent any heir or personal representative of Powell's estate.

Powell no longer has standing to pursue the causes of action he asserted below. Rather, the claim or claims he asserted are now owned by Powell's "heirs, legal representatives, and estate...." TEX. CIV. PRAC. & REM.CODE ANN. § 71.021(b) (Vernon 1997). No party acting on behalf of any of these persons or entities has appeared in

the case, either below or before this Court. Powell himself is no longer before the Court for obvious reasons. Thus, it appears there is no party plaintiff over which this Court (or the trial court, for that matter) has personal jurisdiction.

Further, counsel for DISD admitted at oral argument he did not know whether any heir or personal representative was seeking to pursue Powell's claims. Under these circumstances, we are not even sure if a dispute continues to exist about the circumstances under which Powell left DISD's employment; thus, we do not know if we have subject-matter jurisdiction over this interlocutory appeal. *See* TEX. CONST. art. II, sec. 1; *Valley Baptist Med. Ctr. v. Gonzalez,* 33 S.W.3d 821, 822 (Tex.2000) (per curiam) (no jurisdiction to issue advisory opinions).

Recognizing the above facts present a problem, the majority cites to Texas Rule of Appellate Procedure 7.1(a)(1), which states in relevant part:

> If a party to a civil case dies after the trial court renders judgment but before the case has been finally disposed of on appeal, the appeal may be perfected, and the appellate court will proceed to adjudicate the appeal as if all parties were alive. The appellate court's judgment will have the same force and effect as if rendered when all parties were living.

The majority states: "While the rules do not specifically address interlocutory appeals, we construe rule 7.1(a)(1) to apply to interlocutory appeals." I disagree.

Rule 7.1(a)(1) recognizes the jurisdictional conundrum that can arise when a party dies during the pendency of an appeal from a *judgment,* not an interlocutory order. I would decline to extend the rule from applying to judgments, which have some degree of definiteness, to claims or choses in action, which are inherently more nebulous, imprecise, and subject to more disputes as to their scope and ownership. Although an argument for judicial efficiency can be made in support of construing rule 7.1(a)(1) to include interlocutory appeals, judicial efficiency does not authorize a court to act without jurisdiction.

Further, the circumstances of this case do not compel an expansive construction of rule 7.1(a)(1), as the rules of civil procedure provide another, more appropriate, resolution. Rather than reach the merits of DISD's interlocutory appeal, I would: (1) abate the appeal and remand the case to the trial court for the limited purpose of following the procedures set forth in Texas Rule of Civil Procedure 151; [1] and (2) treat the appeal as closed for administrative purposes unless this Court receives a motion to reinstate the interlocutory appeal, accompanied by a supplemental clerk's record indicating that a party has substituted into the case as a successor to the claims asserted by Powell below. If such a motion is not received, there is no further dispute for us to address and the appeal is, in fact, moot; if such a motion is received, we could then reinstate the appeal, making the substituting party a party to the appeal, and (after allowing any additional re-briefing), address the merits of DISD's arguments.

---

**1.** Under those procedures, the trial court would allow a reasonable time period for another to appear and file a suggestion of death. TEX R. CIV. P. 151. If no appearance and suggestion of death is made within a reasonable time, the trial court would issue a writ of scire facias requiring Powell's heirs or personal representative to appear and prosecute the suit. *Id.* If none did so, the trial court could dismiss the suit on DISD's motion. *Id.*