Affirmed and Opinion filed July 28, 2009








Affirmed
and Opinion filed July 28, 2009.

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-07-01038-CV

____________

 

ERIK LARSEN, Appellant

 

V.

 

SANTA FE INDEPENDENT SCHOOL
DISTRICT,
Appellee

 



 

On Appeal from the 10th
District Court

Galveston County, Texas

Trial Court Cause No. 06-CV-0862

 



 

O P I N I O N

Erik Larsen appeals from an order granting summary judgment
in favor of Santa Fe Independent School District (Athe District@) in connection
with Larsen=s lawsuit for retaliatory discharge following his
filing of a workers= compensation claim.  See Tex. Lab.
Code Ann. _ 451.001 (Vernon 2006).  Before reaching the merits, we
must determine whether Larsen=s asserted failure to exhaust
administrative remedies deprived the trial court of subject matter
jurisdiction.  We conclude the trial court had jurisdiction and affirm.








Background

Larsen began working on an at-will basis as a police
officer for the District on October 16, 2003.  He was injured while
participating in a work-related training exercise on October 5, 2005 and took a
leave of absence from his job.  The District reported Larsen=s injury to its
workers= compensation
administrator on October 11, 2005.  Larsen began receiving workers= compensation
benefits thereafter.

As an at-will employee, Larsen was governed by the District=s Leave and
Absence Policy (Athe Policy@).  Under the
Policy, an employee who has exhausted all available leave and cannot return to
work may be terminated.  The Policy was included in the District=s employee handbook
for the 2005-2006 school year.  The Policy provides that employee leave taken
pursuant to the Family Medical Leave Act (AFMLA@) runs
concurrently with any accrued sick and personal leave taken.  The FMLA provides
up to 12 weeks of unpaid, job-protected leave from employment.  29 U.S.C. __ 2612(a)(1),
2614(a)(1) (2006).

At the time of Larsen=s October 2005
injury, he already had accrued and exhausted three sick and personal leave days
for the 2005-2006 school year.  Larsen did not return to work from his October
2005 injury before exhausting all of his available leave.  Larsen testified in
his February 2007 deposition that he remained unable to work.

Finance Director Ryan Boone, who handled workers= compensation
issues for the District, informed Superintendent Dr. Jon Whittemore before
January 23, 2006 that Larsen had exhausted all of his available leave. 
Whittemore sent a letter to Larsen dated January 23, 2006 stating that Larsen=s FMLA and other
leave time expired on January 18, 2006, and that the District was terminating
Larsen=s employment
because of his inability to return to work upon the expiration of his leave.[1] 









According to Whittemore, Larsen was required to file a
grievance with the District if he wanted to appeal his employment termination
through administrative means.  The District=s grievance
procedure allowed an at-will employee to file a grievance within 15 days of the
date the employee first learned of the action giving rise to the grievance. 
Whittemore testified that he was uncertain whether Larsen had to invoke the
District=s grievance
procedure before he could sue the District based on a retaliatory discharge
claim stemming from his workers= compensation claim.

Larsen testified in his deposition that he spoke in
December 2005 with his supervisor, Police Chief John Gerami, who told Larsen he
likely would be terminated and had no recourse.  Larsen testified that Gerami=s statement
prompted him to refrain from investigating or pursuing any administrative
remedies available to him through the District=s grievance
procedure.  Before his injury, Larsen signed the AEmployee Handbook
Acknowledgment@ form and agreed to abide by all District procedures
for the 2005-2006 school year.  According to Larsen, he was unaware that his
employee handbook outlined the District=s grievance
procedure or his eligibility to utilize the procedure.  Larsen further
testified that he did not refer to his employee handbook following his
termination, and that speaking with Gerami was the only action he took to
investigate any procedures for contesting his termination.

In his original petition, Larsen asserted that the District
terminated his employment in retaliation for his filing of a workers= compensation
claim seeking benefits under the Texas Workers= Compensation
Act.  The District filed a verified plea to the jurisdiction asserting that
Larsen failed to exhaust administrative remedies.  Larsen responded to the
District=s verified plea to
the jurisdiction; the trial court denied the District=s verified plea to
the jurisdiction on April 17, 2007.[2]








The District filed a traditional motion for summary
judgment under Texas Rule of Civil Procedure 166a(c), contending that (1)
Larsen failed to establish a causal link between his discharge and his filing
of a workers= compensation claim; (2) the District terminated
Larsen=s employment
pursuant to the neutral application of the Policy; and (3) Larsen failed to
establish a retaliatory motive.  Larsen responded and addressed each ground the
District asserted in its summary judgment motion.  The trial court signed an
order granting summary judgment in favor of the District.

Larsen filed a motion for new trial.  The trial court did
not expressly rule on Larsen=s motion and it was overruled by operation
of law.  Larsen now appeals from the trial court=s summary judgment
order.[3] 
The District asks us to dismiss Larsen=s claim for lack
of subject matter jurisdiction based on an asserted failure to exhaust
administrative remedies or, in the alternative, to affirm the summary judgment
order on the merits.    

Analysis








An employer cannot terminate or discriminate against an
employee in retaliation for filing a workers= compensation
claim in good faith or causing in good faith a proceeding to be held under the
Texas Workers= Compensation Act.  Tex. Lab. Code Ann. _ 451.001(1), (3). 
Larsen asserts that the District violated section 451.001 by terminating his
employment in retaliation for filing a workers= compensation
claim in connection with his October 5, 2005 injury.  

As a threshold matter, we first address the District=s contention that
subject matter jurisdiction is lacking because Larsen failed to exhaust
administrative remedies in connection with his retaliatory discharge claim. 
Determining whether a court has subject matter jurisdiction is a question of
law we review de novo.  Tex. Dep=t of Parks &
Wildlife v. Miranda, 133 S.W.3d 217, 226-27 (Tex. 2004); Singleton v.
Casteel, 267 S.W.3d 547, 550 (Tex. App.CHouston [14th
Dist.] 2008, pet. denied).

I.        Exhaustion
of Administrative Remedies

Courts of general jurisdiction are presumed to have subject
matter jurisdiction absent a contrary showing that the Texas Constitution or
other law has conferred jurisdiction on another court, tribunal, or
administrative body.  Subaru of Am., Inc. v. David McDavid Nissan, Inc.,
84 S.W.3d 212, 220 (Tex. 2002); see also Tex. Const. art. V, _ 8; Tex. Gov=t Code Ann. __ 24.007-.008
(Vernon 2004).  The administrative bodies upon which jurisdiction can be
conferred include state agencies, see, e.g., Tex. Lab. Code Ann. _ 410.251 (Vernon
2006); local commissions, see, e.g., Tex. Lab. Code Ann. __ 21.152, 21.201
(Vernon 2006); bodies created under the grievance or appeals procedure of an
employing state or local governmental entity, see, e.g., Tex. Gov=t Code Ann. _ 554.006 (Vernon
2004); and municipal civil service commissions, see, e.g., Tex.
Loc. Gov=t Code Ann. __ 143.006,
143.127(d) (Vernon 2008).








Administrative bodies may exercise only those powers the
law confers upon them in clear and express language.  Subaru of Am., Inc.,
84 S.W.3d at 220.  Courts will not imply the existence of additional authority
for administrative bodies, nor may these bodies create for themselves any
excess powers.  Id.  In deciding whether an administrative body has
exclusive jurisdiction, we look to its authorizing legislation for an express
grant of exclusive jurisdiction, or for a Apervasive
regulatory scheme@ indicating an intent to confer exclusive
jurisdiction.  Employees Ret. Sys. of Tex. v. Duenez, ___ S.W.3d ___,
___ (Tex. 2009). 

ATypically, if an agency has exclusive
jurisdiction, a party must exhaust all administrative remedies before seeking
judicial review of the agency=s action.@  Subaru of
Am., Inc., 84 S.W.3d at 221 (citing Cash Am. Int=l Inc. v. Bennett, 35 S.W.3d 12, 15
(Tex. 2000)).  AUntil then, the trial court lacks subject
matter jurisdiction and must dismiss the claims within the agency=s exclusive
jurisdiction.@  Id.

A.        Overview of Case Law
Addressing Exhaustion of Administrative Remedies by Terminated School District
Employees








Determining
whether a terminated school district employee must exhaust administrative
remedies before suing depends on the context of a particular claim.  Answering
this question requires a focus on whether the plaintiff (1) was a contractual
or an at-will employee;[4] and (2) asserts
claims based on the Texas Labor Code,[5] the Texas
Education Code,[6] the Texas
Commission on Human Rights Act,[7] or the Texas
or United States constitutions.[8]  

Two parameters guide our analysis here: Larsen was an
at-will school district employee, and he sued only under Texas Labor Code
section 451.001.  Larsen did not have a contract, and he did not predicate his
suit on any other statutory, constitutional, or common law rights.

The Texas Supreme Court expressly left open the question of
whether a terminated school district employee must exhaust administrative
remedies before pursuing a retaliatory discharge claim under section 451.001.  See Van Indep. Sch. Dist. v. McCarty, 165 S.W.3d 351, 353-54 & n.8
(Tex. 2005) (trial court cannot acquire subject matter jurisdiction by waiver;
because plaintiff conceded that exhaustion was required, Awe . . . assume this is correct
without deciding it@); Wilmer-Hutchins Indep. Sch. Dist. v. Sullivan, 51
S.W.3d 293, 294 (Tex. 2001) (per curiam) (trial court cannot acquire subject matter jurisdiction by
estoppel; plaintiff conceded that exhaustion was required).








Lower
courts have decided only a handful of cases addressing whether terminated
school district employees must exhaust administrative remedies before suing
under section 451.001, and have reached different conclusions.  See, e.g.,
Davis v. Dallas County Schs., 259 S.W.3d 280, 283-85 (Tex. App.CDallas 2008, no pet.) (exhaustion
required); Mission Consol. Indep. Sch. Dist. v. Flores, 39 S.W.3d 674,
676-78 (Tex. App.CCorpus Christi 2001, no pet.) (exhaustion not required); Washington
v. Tyler Indep. Sch. Dist., 932 S.W.2d 686, 688 (Tex. App.CTyler 1996, no writ) (exhaustion
required); Jones v. Dallas Indep. Sch. Dist., 872 S.W.2d 294, 295-96
(Tex. App.CDallas 1994, writ denied) (exhaustion required).

In Davis,
the plaintiff was a bus driver employed by the Dallas County Schools who
suffered a work injury in September 2005 and was unable to return to work for
several months.  Davis, 259 S.W.3d at 282.  The plaintiff asserted that
she was terminated in December 2005 in retaliation for filing a workers= compensation claim; the Dallas
County Schools asserted that the plaintiff resigned in January 2006.  Id.
at 282-83.  The trial court granted a plea to the jurisdiction based on the
plaintiff=s failure to exhaust administrative remedies.  Id. at 283.  The
Dallas Court of Appeals affirmed and stated that an employee=s failure to exhaust administrative
remedies before bringing a section 451.001 retaliatory discharge claim A>deprives the trial court of
jurisdiction over that cause of action.=@  Id. (quoting Dallas
County v. Gonzales, 183 S.W.3d 94, 107 (Tex. App.CDallas 2006, pet. denied)).[9]








Davis=s section 451.001 exhaustion holding
rests on Gonzales.  In turn, Gonzales _ which involved a former deputy
constable=s section 451.001 claim against the county and the constable _ grounds its exhaustion holding on Van
Independent School District and Wilmer-Hutchins Independent School
District.  See Gonzales, 183 S.W.3d at 107 (citing Van Indep.
Sch. Dist., 165 S.W.3d at 354, and Wilmer-Hutchins Indep. Sch. Dist.,
51 S.W.3d at 294).  This reliance is misplaced because the Texas Supreme Court
has stated that neither Van Independent School District nor Wilmer-Hutchins
Independent School District decided whether exhaustion is required.  See
Van Indep. Sch. Dist., 165 S.W.3d at 353 n.8 (AAs we did in Wilmer-Hutchins,
we again assume this is correct without deciding it.@).  Therefore, we do not follow Davis
and Gonzales.

Flores also involved a school bus driver
who brought a section 451.001 claim against a school district.  Flores,
39 S.W.3d at 675.  The plaintiff was injured in December 1995 and returned to
work in September 1996 following surgery.  Id.  The plaintiff asserted
that he was terminated less than a week after returning to work; the school
district asserted that the plaintiff=s employment had not been officially
terminated.  Id. at 675-76.

The
school district filed a plea to the jurisdiction based upon the plaintiff=s asserted failure to exhaust
administrative remedies.  Id. at 676.  The trial court denied the school
district=s plea to the jurisdiction, and the
Corpus Christi Court of Appeals affirmed.  Id. at 678.  In concluding
that the plaintiff was not required to exhaust administrative remedies, the
court relied in part on the school district=s assertion that the plaintiff=s employment had not been
terminated.  Id. at 677.  Additionally, the school district=s employee handbook did not mention a
policy governing general grievance procedures for support personnel and did not
include the December 1995 grievance procedure upon which the school district
relied.  Id.

Because
it is undisputed that the District terminated Larsen=s employment, and that the District=s policies were included in an
employee handbook that Larsen acknowledged having received, Flores does
not address the circumstances present in this case.








Other
cases involving retaliatory discharge claims against school districts have
required exhaustion of administrative remedies without clearly explaining why
exhaustion is required.  See, e.g., Washington, 932 S.W.2d
at 688-89; Jones, 872 S.W.2d at 295-96.

For
example, the plaintiff in Jones sued to enjoin the school district from
declining to recommend her for teacher certification and offer her new
placement; she also asserted a section 451.001 claim.  See Jones, 872
S.W.2d at 295.  As a special education teacher, she was a contractual school
district employee whose rights upon termination of her contract involved the
Term Contract Nonrenewal Act found in the Education Code.  See id. at
295; see also Tex. Educ. Code Ann. __ 21.201-.213 (Vernon 2006); Gutierrez v. Laredo
Indep. Sch. Dist., 139 S.W.3d 363, 366-67 (Tex. App.CSan Antonio 2004, no pet.) (Education
Code Aprovide[s] procedures for teachers to
follow in protesting their employment contracts@).  Jones acknowledges this
fact and cites cases holding that a contractual school district employee must
exhaust administrative remedies before filing suit.  Jones, 872 S.W.2d
at 296.

While
the ultimate disposition of Jones is correct, the opinion=s lack of specificity creates the
potential for confusion.  The court broadly states: AA school employee who alleges that
she has been wrongfully terminated must apply to the school authorities for
relief before seeking the jurisdiction of a district court.@  Id.  This statement may be
correct as to certain school district employees asserting certain claims, but
incorrect as to others.  We also note that Jones was decided before
1995, when the Commissioner of Education retained exclusive jurisdiction over a
broader range of controversies.[10]








For
these reasons, Jones and similar cases do not guide our analysis here.  See
Jones, 872 S.W.2d at 296; see also Washington, 932 S.W.2d at 688-89
(citing Jones and other cases involving contractual school district employees
in holding that exhaustion was required before classroom aide could pursue
section 451.001 suit; opinion does not specify whether plaintiff was
contractual or at-will employee).

To
resolve the question left open by the Texas Supreme Court, we first examine
whether chapter 451 itself imposes an exhaustion requirement.  We then examine
whether Larsen=s status as a school district employee affects the
exhaustion-of-administrative-remedies analysis.

B.        Exhaustion of
Administrative Remedies Under Texas Labor Code Chapter 451

The
exhaustion requirement ensures that the appropriate body adjudicates an issue. 
Travis Cent. Appraisal Dist. v. Norman, 274 S.W.3d 902, 909 (Tex. App.CAustin 2008, pet. filed).  The
legislature decides that an administrative body is the appropriate place to
resolve an issue when it establishes an administrative procedure for that
purpose.  Id.  When the legislature has not expressed an intent to grant
exclusive authority to adjudicate an issue, there is no jurisdictional issue
barring a court from adjudicating the issue.  Id. at 909-10.








Chapter
451 of the Texas Labor Code contains no language expressing an intent to create
an exhaustion requirement.  Id. at 910; see also Tex. Lab. Code
Ann. __ 451.001-.003 (Vernon 2006).  This
stands in stark contrast to other statutes that explicitly require exhaustion
of administrative remedies established by an administrative body.  See, e.g.,
Tex. Gov=t Code Ann. _ 554.006 (requiring exhaustion before
public employees can seek judicial relief from adverse employment actions or
termination in retaliation for reporting violations under Texas Whistleblower
Act); Tex. Lab. Code Ann. _ 21.201 (outlining grievance procedure employees must follow
with Texas Commission on Human Rights before suing for employment
discrimination); Tex. Lab. Code Ann. _ 410.251 (authorizing employees seeking benefits under
Texas Workers= Compensation Act to seek judicial review after exhausting administrative
remedies).  The absence of comparable language in chapter 451 strongly
indicates that exhaustion of administrative remedies is not required as a
jurisdictional prerequisite for a section 451.001 claim.  See Norman,
274 S.W.3d at 911-12. 

Norman=s analysis of chapter 451 is
instructive.  Norman was hired by Travis Central Appraisal District in January
2006 as a probationary employee.  Id. at 904.  She filed a workers= compensation claim on June 15, 2006,
and received written notice later that same day announcing her termination
based on her work performance.  Id.  After Norman sued under section
451.001, the Travis Central Appraisal District asserted that the trial court
lacked jurisdiction because she failed to exhaust administrative remedies
through the grievance process before filing suit.  Id.  

Norman concluded that the legislature did
not intend to create an exhaustion requirement as a prerequisite to filing suit
under section 451.001; Aunless a plaintiff is subject to an exhaustion-of-remedies
requirement established by other applicable law, it is not necessary to exhaust
administrative remedies@ before filing suit in a section 451.001 action.  Id.
at 911-12; see also Mancera v. City of Laredo, No. 04-04-00301-CV, 2005
WL 542793, at *4-*5 (Tex. App.CSan Antonio Mar. 9, 2005, pet. denied) (mem. op.) (exhaustion
of administrative remedies does not apply to a section 451.001 claim because
Texas Labor Code chapter 451 does not require a claimant to pursue
administrative process before filing a retaliatory discharge claim; distinguishing
discrimination claims brought under Texas Labor Code chapter 21, which contains
exhaustion provision).








We agree
with Norman=s analysis.  Chapter 451=s language suggests no intent to
create an exhaustion requirement as a prerequisite for suing under section
451.001.  See Norman, 274 S.W.3d at 911.  Therefore, unless Larsen is
subject to an exhaustion requirement established by other applicable law, he need
not exhaust administrative remedies in this section 451.001 action to confer
subject matter jurisdiction on the trial court.  See id. at 911-12.[11]

C.        Exhaustion Under Statutes
Pertaining to Education

Having
concluded that chapter 451 does not impose a freestanding exhaustion
requirement, we now examine whether other potentially applicable statutes
pertaining to school district employees do so in this case.

1.         Contractual school
district employees

Texas
courts hold that contractual school district employees must exhaust
administrative remedies found in the Education Code pursuant to either section
7.057(a)(2)(B) or the Term Contract Nonrenewal Act.  See Washington, 932
S.W.2d at 688; Caramanian v. Houston Indep. Sch. Dist., 829 S.W.2d 814,
816 (Tex. App.CHouston [14th Dist.] 1992, no writ); Mitchison v. Houston Indep. Sch.
Dist., 803 S.W.2d 769, 773 (Tex. App.CHouston [14th Dist.] 1991, writ
denied); Benavides Indep. Sch. Dist. v. Guerra, 681 S.W.2d 246, 248
(Tex. App.CSan Antonio 1984, writ ref=d n.r.e.).








The Term
Contract Nonrenewal Act requires a teacher who is aggrieved by the nonrenewal
of a term contract to exhaust administrative remedies before seeking redress in
the courts.  See Tex. Educ. Code Ann. _ 21.209.  ATeacher@ is defined by the Education Code as Aa superintendent, principal,
supervisor, classroom teacher, counselor, or other full-time professional
employee who is required to hold a certificate issued under [sections 21.031 to
21.060] or a nurse.@  See id. _ 21.201(1).  Section 7.057(a)(2)(B) requires any
contractual employee not governed by the Term Contract Nonrenewal Act who
suffers monetary harm due to breach of a written employment contract to exhaust
administrative remedies before filing suit.  See id. _ 7.057(a)(2)(B), (e)(1) (Vernon
2006).

It is
undisputed that Larsen was not a contractual employee.  Therefore, neither
section 7.057(a)(2)(B) nor the Term Contract Nonrenewal Act applies here to
establish an exhaustion requirement.

2.         Claims involving the Aschool laws of this state@

The
Texas Legislature has granted the Commissioner of Education exclusive
jurisdiction over certain claims involving the Aschool laws of this state,@ and over actions or decisions of any
school district board that violate the Aschool laws of this state@ or any provision of a written
contract between the school district and a school district employee.  Id.
_ 7.057(a); Norman, 274 S.W.3d
at 909; Austin Indep. Sch. Dist. v. Lowery, 212 S.W.3d 827, 831 (Tex.
App.CAustin 2006, pet. denied).  This
grant of exclusive jurisdiction requires such claimants to exhaust local school
district grievance procedures before filing suit.  Tex. Educ. Agency v.
Cypress-Fairbanks Indep. Sch. Dist., 830 S.W.2d 88, 90 (Tex. 1992);
Norman, 274 S.W.3d at 909; Lowery, 212 S.W.3d at 831.

Under
the Education Code, the Aschool laws of this state@ comprise Titles 1 and 2 of the
Code.  Tex. Educ. Code Ann. _ 7.057(f)(2); Lowery, 212 S.W.3d at 831.  If a school
district employee files a lawsuit that is not related to the Aschool laws of this state@ and does not concern a written
contract between the employee and the school district, then the employee need
not exhaust administrative remedies by complying with the school district=s grievance process.  See Norman,
274 S.W.3d at 909; Lowery, 212 S.W.3d at 831-34.








Texas
courts have held that the following matters involve the Aschool laws of this state:@ (1) scheduling changes made in
violation of the Education Code, Hitchcock v. Bd. of Trs. Cypress-Fairbanks
Indep. Sch. Dist., 232 S.W.3d 208, 213-14 (Tex. App.CHouston [1st Dist.] 2007, no pet.);
(2) nonrenewal or breach of a school district employee=s contract, Gutierrez, 139
S.W.3d at 366-67; (3) claims asserting violations of the Texas Open Meetings
Act, Harrison v. Neeley, 229 S.W.3d 745, 746-47 (Tex. App.CSan Antonio 2007, pet. denied); and
(4) disciplinary actions taken in violation of the Education Code, Friona
Indep. Sch. Dist. v. King, 15 S.W.3d 653, 658 (Tex. App.CAmarillo 2000, no pet.).

Conversely,
courts have held that the following matters do not involve the Aschool laws of this state:@ (1) employment discrimination suits
brought under the Texas Commission on Human Rights Act, Lowery, 212
S.W.3d at 832, and Vela v. Waco Indep. Sch. Dist., 69 S.W.3d 695, 701-02
(Tex. App.CWaco 2002, pet. withdrawn); (2) a vendor=s or independent contractor=s claim for breach of contract, Fort
Worth Indep. Sch. Dist. v. Serv. Employment Redevelopment, 243 S.W.3d 609,
610 (Tex. 2007) (per curiam); and (3) claims brought against school district
officials and employees in their individual capacities, Jones v. Clarksville
Indep. Sch. Dist., 46 S.W.3d 467, 475 (Tex. App.CTexarkana 2001, no pet.).

The
Austin Court of Appeals has addressed an analogous issue involving whether
employment discrimination claims involve the Aschool laws of this state.@  Lowery, 212 S.W.3d at
830-32.  The plaintiff in Lowery was a bus driver hired by the Austin
Independent School District in October 2002 who stated on her job application
that she suffered from anxiety disorder.  Id. at 829.  After being
forced to resign in October 2003, she sued and asserted that the school
district discriminated against her because of her disability in violation of
the Commission on Human Rights Act.  Id.  The school district asserted
that the plaintiff failed to exhaust her administrative remedies, while the
plaintiff contended that administrative remedies were not a jurisdictional
prerequisite to a claim under the Commission on Human Rights Act.  Id.
at 830.








In Lowery,
the Austin Court of Appeals cited section 7.057 of the Education Code and noted
that it requires exhaustion of administrative remedies if a plaintiff=s claim (1) concerns the
administration of the Aschool laws of this state@; and (2) involves questions of
fact.  Id. at 831.  Because the plaintiff was not a contractual
employee, the court held that determining whether she was required to exhaust
administrative remedies depended upon whether her claim involved the Aschool laws of this state.@  Id.  

Lowery
made no suggestion that she had been aggrieved under the Aschool laws of this state.@  Id. at 831.  The school
district failed to identify any provision in the Education Code addressing
discrimination by an employer or permitting school districts to adopt workplace
discrimination rules.  Id.  The school district cited several cases in
support of its argument that school district employees must exhaust
administrative remedies.  Id. at 831-32.  The Austin Court of Appeals
noted that the circumstances of those cases predated the 1995 amendments to the
Education Code, which narrowed the range of grievances over which the Commissioner
of Education exercised jurisdiction.  Id. at 832.

The
court concluded that Lowery=s employment discrimination claim did not concern the
administration of the Aschool laws of this state@ and therefore was not subject to an
exhaustion requirement under the Education Code.  Id. (citing Vela,
69 S.W.3d at 701-02).[12]  The court
pointed out that workplace discrimination is governed by a separate body of
federal and state law.  Id.  Bearing this in mind, the court determined
that the general policy favoring local resolution of local concerns through
local administrative remedies does not apply to concerns that are not uniquely
local.  Id. at 832-33.  The court then held that the plaintiff did not
need to exhaust the school district=s administrative remedies before the
courts could exercise jurisdiction over her statutory employment discrimination
claim.  Id. at 833.








Lowery=s reasoning applies with equal force
here.  The District does not suggest that Larsen=s claim involves the Aschool laws of this state,@ and the District does not identify
any provision in the Education Code addressing retaliatory discharge in
connection with the filing of a workers= compensation claim.  See id.
at 831.[13]  As in Lowery,
the general policy favoring local resolution of local concerns through local
administrative remedies does not apply here because retaliatory discharge is
not a uniquely local concern.  See id. at 832-33.

We hold
that Larsen=s section 451.001 retaliatory discharge claim does not involve the Aschool laws of this state@ because (1) his action does not
focus on uniquely local concerns; (2) his action rests on a statute that is wholly
independent from the Education Code; and (3) a school employee is not required
to exhaust a school district=s administrative remedies Asimply because [he] . . . was
employed by a school district.@  See id. at 831.

D.        Conclusion: Larsen Was Not
Required to Exhaust Administrative Remedies








No law
establishes an exhaustion requirement in this case.  Chapter 451 itself imposes
no such requirement.  See Norman, 274 S.W.3d at 909-12.  Larsen=s claim does not (1) concern a
written employment contract between Larsen and the District; or (2) implicate
the Aschool laws of this state.@  Therefore, exhaustion requirements
under the Education Code do not apply.  See id. at 908-09; Lowery,
212 S.W.3d at 831-33.  Furthermore, the District identifies no Apervasive regulatory scheme@ addressing retaliatory discharge
claims that might indicate an intent to confer exclusive jurisdiction over
Larsen=s claim upon the District.  See
Duenez, ___ S.W.3d at ___.  We do not follow Davis and Gonzales
because they attribute an exhaustion requirement to Van Independent School
District and Wilmer-Hutchins Independent School District that the
Texas Supreme Court did not impose in those cases.  Compare Davis, 259
S.W.3d at 283, and Gonzales, 183 S.W.3d at 107-08, with Van Indep.
Sch. Dist., 165 S.W.3d at 353 n.8, and Wilmer-Hutchins Indep. Sch. Dist.,
51 S.W.3d at 294.

We hold
that the trial court properly exercised subject matter jurisdiction over Larsen=s section 451.001 claim because he
was not required to exhaust the District=s administrative remedies before
filing suit.  See Norman, 274 S.W.3d at 911-12; Lowery, 212
S.W.3d at 831-34; Mancera, 2005 WL 542793, at *4-*5.  Accordingly, we
now turn to the merits of Larsen=s claim.

II.        Summary Judgment on the
Merits 

We review the trial court=s grant of summary
judgment de novo.  Joe v. Two Thirty Nine Joint Venture, 145
S.W.3d 150, 156 (Tex. 2004).  A traditional summary judgment may be granted if
the motion and summary judgment evidence establish there is no genuine issue of
material fact and the moving party is entitled to judgment as a matter of law. 
Tex. R. Civ. P. 166a(c).  Summary judgment for a defendant is proper when the
defendant negates at least one element of each of the plaintiff=s theories of
recovery, or pleads and conclusively establishes each element of an affirmative
defense.  Sci. Spectrum, Inc. v. Martinez, 941 S.W.2d 910, 911 (Tex.
1997).

An employer who terminates an employee pursuant to the
uniform enforcement of a reasonable absence control provision does not violate
section 451.001.  See Haggar Clothing Co. v. Hernandez, 164 S.W.3d 386,
388 (Tex. 2005) (per curiam); Cont=l Coffee Prods.
Co. v. Cazarez, 937 S.W.2d 444, 451 (Tex. 1996); Tex. Div.-Tranter,
Inc. v. Carrozza, 876 S.W.2d 312, 313 (Tex. 1994) (per curiam).  To
establish that a reasonable absence control policy was not uniformly enforced,
a terminated employee must provide competent evidence that he was similarly
situated to other employees who received preferential treatment under the
policy.  See Hernandez, 164 S.W.3d at 388-89.








The District asserts that it terminated Larsen pursuant to
a uniformly enforced and reasonable absence control policy.  See Hernandez,
164 S.W.3d at 388; Cazarez, 937 S.W.2d at 450; Carrozza, 876
S.W.2d at 313.  The District offered the following evidence to establish its
entitlement to summary judgment: (1) a copy of the Policy; (2) Boone=s affidavit
describing the Policy and stating that it is applied uniformly to all District
employees; (3) Boone=s affidavit evidence that Larsen was
terminated in accordance with the Policy because Larsen had exhausted all
available leave and was unable to return to work; (4) Whittemore=s January 23, 2006
letter stating that Larsen was being terminated because he had exhausted all
available leave and was unable to return to work; (5) Whittemore=s affidavit
evidence that he terminated Larsen because Larsen had exhausted all available
leave and was unable to return to work; and (6) Whittemore=s deposition
testimony that he treated Larsen as he would have treated any other employee
under similar circumstances, and that Larsen=s termination Awas in no way
related to Mr. Larsen=s filing of a workers= compensation
claim or his receipt of benefits.@








According to Larsen, the District did not apply the Policy
to Officer Brandy Wyers in the same manner that it applied the Policy to him. 
Larsen points to the following evidence: (1) Gerami=s deposition
testimony that Wyers had absenteeism and personal leave problems during her
first three years with the District, and that Gerami recommended her
termination to Whittemore; (2) Gerami=s deposition
testimony that Whittemore told him to Awork with@ Wyers concerning
her absence and personal leave problems rather than terminating her; (3) Gerami=s deposition
testimony that Wyers=s absenteeism and personal leave issues
had not Abeen taken care of
to [his] satisfaction@; (4) Gerami=s deposition
testimony that Wyers was on maternity leave and was still employed by the
District; (5) a memo written from Gerami to Wyers regarding her failure to
follow proper procedure for calling in sick on August 24, 2006; (6) an e-mail
from Wyers to Gerami requesting personal leave for a cruise in October 2005;
(7) deposition testimony from District Benefits Specialist Linda Leuschen that
she sent Wyers a letter informing her that she was on FMLA leave, but did not
send Larsen such a letter; (8) Wyers=s deposition
testimony that she was placed on a part-time schedule leading up to her
maternity leave; and (9) deposition testimony from Wyers and affidavit evidence
from former Officer Matt Wentzel that they believed Larsen was treated
differently than Wyers.

Wyers=s and Wentzel=s conclusory assertions
about their subjective beliefs do not constitute competent summary judgment
evidence.  See Cazarez, 937 S.W.2d at 452; Carrozza, 876 S.W.2d
at 314.  An employee=s subjective assertions are mere
conclusions and do not raise a fact issue precluding summary judgment in a
retaliatory discharge action.  See Cazarez, 937 S.W.2d at 452; Carrozza,
876 S.W.2d at 314; see also Brownlee v. Brownlee, 665 S.W.2d 111, 112
(Tex. 1984) (AAffidavits consisting only of conclusions are
insufficient to raise an issue of fact@); Hidalgo v.
Sur. Sav. & Loan Ass=n, 487 S.W.2d 702,
703 (Tex. 1972) (per curiam) (Aconclusions are not competent evidence@).

Larsen=s evidence fails to establish that Wyers
was similarly situated in that she too exhausted all of her available leave
time and failed to return to work, but nonetheless was allowed to keep her
job.  See Hernandez, 164 S.W.3d at 388-89.  The record establishes at most that
Wyers had absenteeism and personal leave problems related to (1) her failure to
properly document her tardiness or absence from work; (2) her failure to follow
proper procedure when calling in sick to work; and (3) her prospective request
for an additional personal leave day beyond those already accrued.  The record
contains no evidence that Wyers failed to return to work after exhausting all
of her available sick and personal leave time, and nonetheless was allowed to
keep her job.  Because Larsen failed to establish that the Policy was enforced
differently with regard to a similarly situated employee, he did not controvert
the District=s evidence establishing its entitlement to summary
judgment.  See Carrozza, 876 S.W.2d at 313-14.








We overrule Larsen=s issue regarding
the propriety of the trial court=s grant of summary
judgment.

Conclusion

The trial court=s judgment is
affirmed.

 

 

 

/s/        William
J. Boyce

Justice

 

 

Panel consists of Justices Frost, Brown, and Boyce.









[1]           The record contains evidence variously
identifying Larsen=s termination date as January 18, January 19, and
January 20, 2006.  This inconsistency is immaterial to the resolution of this
appeal in light of Larsen=s deposition testimony in February 2007 that he had
been unable to work from the date of injury through the date of his deposition.





[2]           The District did not pursue an
interlocutory appeal of the trial court=s
order as permitted by statute.  See Tex. Civ. Prac. & Rem. Code Ann.
_ 51.014(a)(8) (Vernon 2008) (entitling a governmental
unit to file an interlocutory appeal of a trial court=s denial of a plea to the jurisdiction); Tex. Civ.
Prac. & Rem. Code Ann. _ 101.001(3)(B) (Vernon
2005) (defining Aschool districts@ as
Agovernmental units@); see
also Galveston Indep. Sch. Dist. v. Jaco, No. 14-07-00313-CV, 2007 WL
5473075, at *2 (Tex. App.CHouston [14th Dist.] Nov. 15, 2007, no pet.) (mem.
op.).  The District=s decision to forego an interlocutory appeal does not
waive its assertion that the trial court lacked subject matter jurisdiction due
to Larsen=s asserted failure to exhaust administrative
remedies.  See Hernandez v. Ebrom, ___ S.W.3d ___, ___ (Tex. 2009)
(defendant=s choice to forego interlocutory appeal authorized by
section 51.014 did not preclude later appeal from final judgment); see also
Tex. Ass=n of Bus. v. Tex. Air Control Bd., 852 S.W.2d 440, 443-44 (Tex. 1993) (ASubject matter jurisdiction is never presumed and
cannot be waived.@). 





[3]           Larsen also sued Crisis Prevention
Institute, Inc. (ACPI@) for
negligence in connection with his October 5, 2005 injury.  Larsen voluntarily
non-suited CPI on April 24, 2007, leaving Larsen=s retaliatory discharge claim against the District as his sole claim. 
Therefore, the trial court=s September 7,
2007 summary judgment order was final and appealable.  See Lehmann v.
Har-Con Corp., 39 S.W.3d 191, 199-200 (Tex. 2001).





[4]           See, e.g., Washington v.
Tyler Indep. Sch. Dist., 932 S.W.2d 686, 688 (Tex. App.CTyler 1996, no writ); Caramanian v. Houston Indep.
Sch. Dist., 829 S.W.2d 814, 816 (Tex. App.CHouston [14th Dist.] 1992, no writ); Mitchison v. Houston Indep.
Sch. Dist., 803 S.W.2d 769, 773 (Tex. App.CHouston [14th Dist.] 1991, writ denied); Benavides Indep. Sch. Dist.
v. Guerra, 681 S.W.2d 246, 248 (Tex. App.CSan Antonio 1984, writ ref=d
n.r.e.).





[5]           See, e.g., Van Indep. Sch.
Dist. v. McCarty, 165 S.W.3d 351, 353-54 (Tex. 2005); Wilmer-Hutchins
Indep. Sch. Dist. v. Sullivan, 51 S.W.3d 293, 294 (Tex. 2001) (per curiam);
Davis v. Dallas County Schs., 259 S.W.3d 280, 283-85 (Tex. App.CDallas 2008, no pet.); Mission Consol. Indep. Sch.
Dist. v. Flores, 39 S.W.3d 674, 676-78 (Tex. App.CCorpus Christi 2001, no pet.); Washington, 932
S.W.2d at 688; Jones v. Dallas Indep. Sch. Dist., 872 S.W.2d 294, 295-96
(Tex. App.CDallas 1994, writ denied).





[6]           See, e.g., Fort Worth
Indep. Sch. Dist. v. Serv. Employment Redevelopment, 243 S.W.3d 609, 610
(Tex. 2007) (per curiam); Davis, 259 S.W.3d at 283-85; Hitchcock v.
Bd. of Trs. Cypress-Fairbanks Indep. Sch. Dist., 232 S.W.3d 208, 213-14
(Tex. App.CHouston [1st Dist.] 2007, no pet.); Harrison v.
Neeley, 229 S.W.3d 745, 746-47 (Tex. App.CSan Antonio 2007, pet. denied); Gutierrez v. Laredo Indep. Sch.
Dist., 139 S.W.3d 363, 366-67 (Tex. App.CSan
Antonio 2004, no pet.); Jones v. Clarksville Indep. Sch. Dist., 46
S.W.3d 467, 475 (Tex. App.CTexarkana 2001,
no pet.); Friona Indep. Sch. Dist. v. King, 15 S.W.3d 653, 658 (Tex.
App.CAmarillo 2000, no pet.).





[7]           See, e.g., Austin Indep.
Sch. Dist. v. Lowery, 212 S.W.3d 827, 830-32 (Tex. App.CAustin 2006, pet. denied); Vela v. Waco Indep. Sch.
Dist., 69 S.W.3d 695, 699-702 (Tex. App.CWaco
2002, pet. withdrawn).





[8]           See, e.g., Harlandale
Indep. Sch. Dist. v. Rodriguez, 121 S.W.3d 88, 93 & n.2 (Tex. App.CSan Antonio 2003, no pet.); Jones, 46 S.W.3d at
474-75; King, 15 S.W.3d at 659; Janik v. Lamar Consol. Indep. Sch.
Dist., 961 S.W.2d 322, 323-24 (Tex. App.CHouston
[1st Dist.] 1997, writ denied); Hicks v. Lamar Consol. Indep. Sch. Dist.,
943 S.W.2d 540, 542-43 (Tex. App.CEastland
1997, no writ).





[9]           Davis overruled Dallas Indep.
Sch. Dist. v. Powell, 68 S.W.3d 89, 91 (Tex. App.CDallas 2001, no pet.), which held that a complaint of
retaliatory discharge for filing a workers=
compensation claim is not subject to an exhaustion requirement.  See Davis,
259 S.W.3d at 285.  Davis, like Powell, examined whether the
action complained of was encompassed within the school district=s grievance procedures.  Id. at 283-84; see
also Powell, 68 S.W.3d at 90-91.  Davis held that the section
451.001 retaliatory discharge claim at issue (1) involved a Acondition of work@
governed by the school district=s grievance
process; and (2) was subject to an exhaustion of administrative remedies
requirement.  Davis, 259 S.W.3d at 285 (Atermination is a condition of work and subject to the grievance process@). 





[10]          The Texas Education Code was amended in 1995
to narrow the range of grievances over which the Commissioner of Education
retains jurisdiction.  Lowery, 212 S.W.3d at 832.  Before the 1995
amendments, the Commissioner held jurisdiction over appeals regarding Aany matter of dispute . . . arising under the school
laws of Texas,@ rather than only those regarding Apersons aggrieved by >the school laws of Texas.=@ Id. 
The Texas Education Agency interpreted the change as narrowing the Commissioner=s jurisdiction over grievances.  Id.





[11]          At least one other case addresses exhaustion
of administrative remedies for section 451.001 plaintiffs whose employment was
terminated by employers other than school districts.  See, e.g., Haddix
v. Am. Zurich Ins. Co., 253 S.W.3d 339, 350 (Tex. App.CEastland 2008, no pet.) (exhaustion not required
because employer offered no administrative grievance procedure).  Haddix,
which involved numerous discrimination and retaliation claims under multiple
statutes and theories, held that the plaintiff was not required to exhaust
administrative remedies before pursuing his section 451.001 claim because his
employer offered no such remedies.  Id.  Haddix cited only Gonzales,
183 S.W.3d at 94, in support of its decision regarding the plaintiff=s section 451.001 claim.  See id.  For reasons
already discussed, we do not follow Gonzales.





[12]          Vela also involved a claim for
discriminatory employment action brought under the Commission on Human Rights
Act.  69 S.W.3d at 697.  The court distinguished discriminatory employment
action claims from contract termination and nonrenewal suits that require
exhaustion.  Id. at 700-01.  Vela applied the general rule that a
specific statute controls over a statute of more general application such as
Texas Education Code section 11.13 (now section 7.057).  Id. at 701. 
The court then held that the Commission on Human Rights Act=s provisions requiring exhaustion of administrative
remedies described in the statute itself trumped the Education Code and made it
unnecessary for the plaintiff to exhaust the school district=s remedies; thus, the Commission on Human Rights Act
requires only exhaustion of the administrative remedies outlined within the Act
itself.  Id. at 701-02.





[13]          Also, the District cannot identify any Apervasive regulatory scheme@ addressing retaliatory discharge in connection with
the filing of a workers= compensation claim as an indication that the Texas
Legislature intended to confer upon school districts exclusive jurisdiction
over such claims by school district employees.  See Duenez, ___ S.W.3d
at ___.