# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

=============================

## ON MOTION FOR REHEARING

=============================

### NO. 03-06-00768-CV

**Travis Central Appraisal District, Appellant**

**v.**

**Diane Lee Norman, Appellee**

**FROM THE DISTRICT COURT OF TRAVIS COUNTY, 200TH JUDICIAL DISTRICT
NO. D-1-GN-06-002709, HONORABLE GISELA D. TRIANA-DOYAL, JUDGE PRESIDING**

## O P I N I O N

We overrule the Travis Central Appraisal District's motion for rehearing, withdraw our opinion and judgment issued October 10, 2008, and substitute the following in its place.

Diane Lee Norman brought suit against the Travis Central Appraisal District ("TCAD") for retaliatory discharge, alleging that she was fired by TCAD for filing a workers' compensation claim. *See* Tex. Lab. Code Ann. §§ 451.001(1), .002 (West 2006). TCAD filed a plea to the jurisdiction, arguing that Norman had not exhausted her administrative remedies because she did not file any grievance with TCAD before filing suit. In this interlocutory appeal, TCAD urges that the district court erred in denying its plea to the jurisdiction because Norman's failure to exhaust TCAD's grievance process deprived the court of subject-matter jurisdiction. Because we hold that Norman was not required to utilize TCAD's grievance procedures in order to confer subject-matter

jurisdiction on the trial court, we affirm the district court's order denying TCAD's plea to the jurisdiction.

## BACKGROUND

Norman was hired by TCAD, a political subdivision of the State of Texas, *see* Tex. Tax Code Ann. § 6.01(c) (West 2008), as a probationary employee in January of 2006. On June 15, 2006, she filed a workers' compensation claim; later that day, she received written notice that she had been terminated based on her work performance. Norman filed suit for retaliatory discharge under the Texas Anti-Retaliation Act (the "Act"), *see* Tex. Lab. Code Ann. §§ 451.001-.003, which provides that a person may not be discharged for filing a workers' compensation claim in good faith, *see id.* § 451.001(1).

TCAD filed a plea to the jurisdiction, arguing that Norman had not complied with TCAD's grievance policy and therefore had failed to exhaust her administrative remedies, depriving the trial court of subject-matter jurisdiction. In support of its plea, TCAD attached excerpts from its personnel policy handbook outlining its internal grievance procedure and an affidavit from Norman's supervisor, Mark Price, stating that Norman did not file a grievance at any time after her termination in accordance with TCAD's policy, a fact that Norman does not dispute. Price also testified at the hearing on the plea to the jurisdiction, stating that to his knowledge, all of TCAD's procedures regarding the grievance process applied to Norman as a probationary employee. The court admitted an "employee acknowledgment form" signed by Norman, stating that she had received and read the Personnel Policies Handbook.

2

TCAD's policy handbook provides, in relevant part, that "[a]n employee who has a complaint concerning disciplinary probation, suspension, termination, demotion, or denial of a promotion of a qualified employee . . . shall have the right to file a grievance." The manual then describes a multi-step grievance process, beginning with informal resolution of the complaint and continuing with formal proceedings before the department director, the grievance committee, and ultimately the chief appraiser, along with time limits for completing each step. In the event that the process reaches the grievance-committee stage, the manual sets forth that the complainant shall have the right or may be required to appear before the committee to explain the complaint and the complainant's disagreement with the action that was taken. The complainant also has the right to have a representative at the hearing and may present documentation on his behalf. The committee "shall have the right to call upon others in order to ascertain pertinent facts and render a recommendation."

Norman responded that she was not required to exhaust administrative remedies before filing suit and that TCAD's grievance policy was neither available nor applicable to her claim for retaliatory discharge. At the hearing, she argued that nothing in chapter 451 of the labor code mentions exhaustion of remedies as a jurisdictional prerequisite and that exhaustion is not required unless the legislature has vested an administrative agency with exclusive jurisdiction over a controversy. She also cross-examined Price concerning statements he had made that the personnel manual did not apply to probationary employees in its entirety, calling into question whether the grievance process outlined in the personnel manual was available to her as a probationary employee. Price testified that some of the provisions (such as those regarding pre-termination warnings and

3

performance counseling) applied only to regular employees and that a different section of the manual was devoted specifically to policies governing probationary employees; according to Price, new probationary employees are apprised of those policies at the time of hiring. However, Price stated that the grievance procedures applied to all of TCAD's employees, including probationary employees, although this was not expressly stated in the manual. Price further testified that each new employee is given a copy of the personnel manual, which includes information on TCAD's grievance process, but that it is not TCAD's practice to tell an employee that he has the right to file a grievance when he is terminated.

After the hearing, the trial court denied TCAD's plea to the jurisdiction, and this appeal followed. *See* Tex. Civ. Prac. & Rem. Code Ann. § 51.014(a)(8) (West Supp. 2008) (permitting interlocutory appeal from order that "grants or denies a plea to the jurisdiction by a governmental unit").

## STANDARD OF REVIEW

A plea to the jurisdiction is a dilatory plea that seeks dismissal of a case for lack of subject-matter jurisdiction. *Harris County v. Sykes*, 136 S.W.3d 635, 638 (Tex. 2004). Whether a court has subject-matter jurisdiction is a question of law that we review de novo. *Texas Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226 (Tex. 2004). Likewise, we review de novo whether a party has alleged facts that affirmatively demonstrate a trial court's subject-matter jurisdiction and whether undisputed evidence of jurisdictional facts establishes a trial court's jurisdiction. *Id.* If the pleadings do not affirmatively demonstrate the trial court's jurisdiction but do not affirmatively demonstrate incurable defects in jurisdiction, the issue is one of pleading

4

sufficiency and the plaintiffs should be afforded the opportunity to amend. *Id.* at 226-27. If the pleadings affirmatively negate jurisdiction, then a plea to the jurisdiction may be granted without allowing an opportunity to amend. *Id.* at 227. Unless a pled jurisdictional fact is challenged and conclusively negated, it must be taken as true for purposes of determining subject-matter jurisdiction. *Id.* at 226. In reviewing a plea to the jurisdiction, an appellate court does not look to the merits of the case but considers only the pleadings and evidence relevant to the jurisdictional inquiry. *Id.* at 227.

**ANALYSIS**

On appeal, TCAD argues that the district court erred in denying its plea to the jurisdiction, which asserted that Norman was required to comply with TCAD's internal grievance procedures before she could file suit against TCAD, a governmental entity, for retaliatory discharge under chapter 451 of the labor code.[1] According to TCAD, its employee-grievance process is an administrative remedy that Norman was required to exhaust in order to confer subject-matter jurisdiction on the trial court. While recognizing that exhaustion of administrative remedies is generally required only when the legislature has vested an administrative agency with exclusive jurisdiction to make the initial determination in a dispute, *see, e.g.*, *Subaru of Am., Inc.*

---

[1] TCAD presents this argument in three separate issues. However, its first two issues, which assert that "the standard for review of issues of law is de novo" and that "a plea to the jurisdiction is the proper method to challenge a court's subject matter jurisdiction," are simply correct and unchallenged statements of law, rather than issues presented for our review. While we will not separately address those two points, we will nonetheless treat TCAD's contention that the trial court erred in denying its plea to the jurisdiction "as covering every subsidiary question that is fairly included." *See* Tex. R. App. P. 38.1.

*v. David McDavid Nissan, Inc.*, 84 S.W.3d 212, 221 (Tex. 2002); *Gates v. Texas Dep't of Family & Protective Servs.*, 252 S.W.3d 90, 96 (Tex. App.—Austin 2008, no pet.), TCAD urges that exhaustion is not limited to such situations and should be held to apply in this case.

Chapter 451 contains no exhaustion requirement and makes no reference to any administrative procedure for resolving disputes prior to filing suit for retaliatory discharge. *See* Tex. Lab. Code Ann. §§ 451.001-.003; *see also Van Indep. Sch. Dist. v. McCarty*, 165 S.W.3d 351, 353 n.8 (Tex. 2005). The chapter provides, in its entirety:

§ 451.001. DISCRIMINATION AGAINST EMPLOYEES PROHIBITED.

A person may not discharge or in any other manner discriminate against an employee because the employee has:

(1)     filed a workers' compensation claim in good faith;

(2)     hired a lawyer to represent the employee in a claim;

(3)     instituted or caused to be instituted in good faith a proceeding under Subtitle A [the Texas Workers' Compensation Act]; or

(4)     testified or is about to testify in a proceeding under Subtitle A.

§ 451.002. REMEDIES; BURDEN OF PROOF.

(a)     A person who violates Section 451.001 is liable for reasonable damages incurred by the employee as a result of the violation.

(b)     An employee discharged in violation of Section 451.001 is entitled to reinstatement in the former position of employment.

(c)     The burden of proof in a proceeding under this section is on the employee.

§ 451.003. INJUNCTION.

A district court may restrain, for cause shown, a violation of Section 451.001.

Tex. Lab. Code Ann. §§ 451.001-.003.

The San Antonio court of appeals, in holding that a retaliatory-discharge plaintiff is not required to exhaust administrative remedies before filing suit, gave great weight to the legislature's omission of an exhaustion requirement within the statute itself. *See Mancera v. City of Laredo*, No. 04-04-00301, 2005 Tex. App. LEXIS 1770, at \*13 (Tex. App.—San Antonio Mar. 9, 2005, pet. denied) (mem. op.) (holding that exhaustion is not required because neither chapter 451 nor its predecessor statute included requirement that individual must go through administrative process prior to filing claim). After noting cases involving retaliatory-discharge actions "that were filed directly without any mention of an exhaustion of remedies requirement," the court declined to read such a requirement into the statute. *Id.* at \*14-15 (citing *Kerrville State Hosp. v. Fernandez*, 28 S.W.3d 1, 2-4 (Tex. 2000); *Baptist Mem'l Healthcare Sys. v. Casanova*, 2 S.W.3d 306, 308-09 (Tex. App.—San Antonio 1999, no pet.)).[2]

Like our sister court, we can discern no intent on the part of the legislature to require a plaintiff to exhaust administrative remedies before filing suit for retaliatory discharge. It is well settled that, when interpreting a statutory provision, we must ascertain and effectuate the legislative intent. *Texas Dep't of Protective & Regulatory Servs. v. Mega Child Care, Inc.*, 145 S.W.3d 170, 176 (Tex. 2004); *see also Crown Life Ins. Co. v. Casteel*, 22 S.W.3d 378, 383 (Tex. 2000) ("The primary rule in statutory interpretation is that a court must give effect to legislative intent."); *Ex parte*

---

[2] *See also Denton County v. Johnson*, 17 S.W.3d 46, 48 (Tex. App.—Fort Worth 2000, pet. denied); *Trevino v. Kent County*, 936 S.W.2d 488, 492-93 (Tex. App.—Amarillo 1996, writ denied).

7

*Roloff*, 510 S.W.2d 913, 915 (Tex. 1974) ("It is the duty of the court to ascertain the legislative intent."). If the statutory text is unambiguous, a court must adopt the interpretation supported by the statute's plain language unless that interpretation would lead to absurd results. *See Tune v. Texas Dep't of Pub. Safety*, 23 S.W.3d 358, 363 (Tex. 2000) ("We must enforce the plain meaning of an unambiguous statute.").

Texas's retaliatory-discharge cause of action is a legislatively created exception to the at-will-employment doctrine. *Austin v. Healthtrust, Inc.*, 967 S.W.2d 400, 402 (Tex. 1998). Chapter 451 has both remedial and deterrence objectives; its purpose is "to protect persons entitled to benefits under the workers' compensation act and to prevent them from being discharged for filing claims to collect those benefits." *Trico Tech. Corp. v. Montiel*, 949 S.W.2d 308, 312 (Tex. 1997). By enacting these provisions, the legislature chose to create a private cause of action, rather than an administrative process, to provide redress for an employee who has been terminated in retaliation for filing a workers' compensation claim. *See* Jean C. Love, "Retaliatory Discharge for Filing a Worker's Compensation Claim," 37 Hastings L. J. 551, 554-56 (1986) (Texas is one of six states that created statutory cause of action, rather than administrative remedy, for redressing retaliatory discharge); *compare* Tex. Lab. Code Ann § 451.001-.003, *with* Cal. Lab. Code § 132a(4) (West Supp. 1986) (proceedings for reinstatement and reimbursement are to be instituted by filing petition with appeals board, which is vested with "full power, authority, and jurisdiction to try and determine finally all matters specified in this section"), *and* N.Y. Work. Comp. Law § 120 (McKinney Supp. 2003) (complaint alleging unlawful discriminatory practice must be filed with

8

workers' compensation board and, upon finding of discrimination, board shall order that employee be compensated for loss of wages and such fees as fixed by board).

The fact that a suit for retaliatory discharge may be brought against a governmental entity[3] does not by itself assure us that the legislature intended to require public employees to exhaust the internal grievance procedures of those entities. *See, e.g.*, *In re Discovery Operating, Inc.*, 216 S.W.3d 898, 903 (Tex. App.—Eastland 2007, no pet.) (holding that while legislature designated railroad commission as agency responsible for regulating subject matter of suit, overall regulatory scheme indicates intent to create private cause of action to be litigated in court, rather than by agency); *see also In re Apache Corp.*, 61 S.W.3d 432, 435-36 (Tex. App.—Amarillo 2001, no pet.) (same). If the legislature had intended such review as a prerequisite to filing suit, it could easily have included such a provision in chapter 451, as it had elsewhere in title 5 of the labor code. For example, the legislature has required a person aggrieved by the decision of the workers' compensation commission to exhaust administrative remedies before seeking judicial review in district court. *See* Tex. Lab. Code Ann. § 410.251 (party that has exhausted its administrative remedies under this subtitle and that is aggrieved by final decision of appeals panel may seek judicial review under this subchapter). The same is required of plaintiffs seeking judicial review of employment-discrimination claims brought under chapter 21 of the labor code. *See* Tex. Lab. Code Ann. §§ 21.001-.556 (West 2006 & Supp. 2007) (Texas Labor Code chapter 21 employment-

---

[3] A cause of action for retaliatory discharge may be brought against political subdivisions, *see City of LaPorte v. Barfield*, 898 S.W.2d 288, 296 (Tex. 1995) (holding that legislature waived political subdivisions' immunity from suit for purpose of Anti-Retaliation Act), as well as private employers, *see Kerrville State Hosp. v. Fernandez*, 28 S.W.3d 1, 2 (Tex. 2000).

9

discrimination claims, including federal Title VII, Americans with Disabilities Act, and state whistleblower claims, require exhaustion of administrative remedies); *see also Mancera*, 2005 Tex. App. LEXIS 1770, at *13-14 ("Chapter 21, which does contain an exhaustion of remedies provision, very specifically refers to individuals who bring actions under Chapter 21. Mancera did not bring a claim under Chapter 21," but under "Chapter 451, which does not include an exhaustion of remedies requirement.").

TCAD avers that its grievance procedures should be interpreted as administrative remedies because they are procedures developed by a governmental entity. We disagree. The mere fact that TCAD is a political subdivision does not assure us that its internal policies constitute an "administrative remedy" in the sense that we have come to view that term. TCAD cites no authority, nor have we found any, indicating that its internal grievance policy is the sort of administrative review process that a complainant would generally be required to utilize in order to confer jurisdiction on the reviewing court. In this case, it is TCAD, rather than the legislature, that has crafted the procedures in question, and TCAD has directed us to no statutory authority investing TCAD, or tax appraisal districts in general, with the authority to engage in the review of an employee's retaliatory-discharge claim.

As Norman points out in her response, Texas law does not require that every governmental employee must, in all circumstances, exhaust an agency's internal administrative procedure before filing suit against a governmental entity. For example, as this Court recently held in *Austin Independent School District v. Lowery*, 212 S.W.3d 827 (Tex. App.—Austin 2006, pet. denied), a school employee is not required to exhaust a school district's administrative remedies

10

"simply because she was employed by a school district." *Id.* at 831. In that case, the school district filed a plea to the jurisdiction on the basis that Lowery was required to exhaust the district's grievance-review procedures. We acknowledged that the legislature has given the commissioner of education exclusive jurisdiction over certain claims involving "the school laws of the state" and actions or decisions of any school district board that violate the school laws of the state or any provision of a written contract between the school district and a school district employee, *see* Tex. Educ. Code Ann. § 7.057(a) (West 2006), and that this grant of exclusive jurisdiction means that such claimants must exhaust the local grievance procedures of a school district before filing suit. *Lowery*, 212 S.W.3d at 831 (citing *Texas Educ. Agency v. Cypress-Fairbanks Indep. Sch. Dist.*, 830 S.W.2d 88, 90 (Tex. 1992)). However, we looked to the fact that Lowery's specific complaint—an employment-discrimination suit brought under chapter 21 of the Act—did not fall within the legislature's grant of exclusive jurisdiction to the agency: Lowery's suit was not related to the "school laws of the state," nor did it concern a written contract between Lowery and the district because, as an at-will employee, she was not under contract. *Id.* at 831-32. Therefore, she need only have exhausted the administrative remedies imposed by the Texas Commission on Human Rights Act, *see* Tex. Lab. Code Ann. §§ 21.001-.556 (West 2006 & Supp. 2008), and was not required to exhaust her remedies under the education code by complying with the district's grievance process. *Lowery*, 212 S.W.3d at 834.

In so holding, we rejected the school district's arguments in favor of a broad rule that the courts must defer to governmental entities to resolve disputes through their own administrative procedures in all cases. While recognizing the general principle that matters concerning school

11

administration are best handled by local authorities, we declined to extend this deference beyond the subset of cases involving school districts where the legislature had actually mandated an exhaustion requirement. *See id.* at 831 ("[W]e have not found any statute that permits independent school districts to adopt rules pertaining to workplace discrimination."). Lowery's discrimination claim, although brought against a governmental entity, did not involve issues that the governmental entity had been granted the authority to resolve, thereby making it "the proper administrative authority" to review her claims. *Id.*

Similarly, Norman's retaliatory-discharge claim against TCAD is not a matter that the legislature has granted a tax appraisal district the authority to decide. The purpose behind the exhaustion-of-administrative-remedies doctrine is not merely to allow governmental entities to resolve disputed issues of fact, but to ensure "that the appropriate body adjudicates the dispute." *See Essenburg v. Dallas County*, 988 S.W.2d 188, 189 (Tex. 1998); *see also Strayhorn v. Lexington Ins. Co.*, 128 S.W.3d 772, 780 (Tex. App.—Austin 2004), *aff'd*, 209 S.W.3d 83 (Tex. 2006). The legislature decides that an administrative agency is the appropriate body to resolve an issue when it provides an administrative procedure for that purpose. *Strayhorn*, 128 S.W.3d at 780. Here, the legislature has not provided or referenced an administrative-review process in the statute or in any way indicated that a tax appraisal district has the authority to adopt procedures relating to retaliatory discharge of an employee for filing a workers' compensation claim. Where the legislature has not expressed an intent to grant an agency the sole authority to make the initial determination of a dispute, there is no jurisdictional issue barring a court from adjudicating the dispute. *Department of Protective & Regulatory Servs. v. Schutz*, 101 S.W.3d 512, 518 (Tex. App.—Houston [1st Dist.]

2002, no pet.). Because the courts are not divested by an agency of the subject-matter jurisdiction they would otherwise possess unless the legislature has granted the agency exclusive jurisdiction or the sole power to make the initial determination in the dispute, *see Subaru*, 84 S.W.3d at 221; *Bexar Metro. Water Dist. v. City of Bulverde*, 156 S.W.3d 79, 90 (Tex. App.—Austin 2004, pet. denied), TCAD has not shown that the district court lacked subject-matter jurisdiction over Norman's suit.

According to TCAD, however, exhaustion of administrative remedies is a requirement even when the legislature has not given exclusive jurisdiction to an agency, because "plaintiffs seeking review of the decision of a governmental entity must satisfy the jurisdictional prerequisite of exhaustion of administrative remedies prior to bringing suit against the entity." Under TCAD's view, the relevant inquiry is not whether the legislature has given an agency the power to initially decide the dispute, but whether the suit is brought against a government entity. In support of its position, TCAD cites *Dallas County v. Gonzales*, 183 S.W.3d 94 (Tex. App.—Dallas 2006, pet. denied) (op. on reh'g).[4] In *Gonzales*, the Dallas court determined that the plaintiff had failed to exhaust his administrative remedies because, when he filed his grievance in accordance with the county's internal procedures, he did not raise his anti-retaliation claim under chapter 451. *Id.* at 107. Citing *McCarty* and *Wilmer-Hutchins Independent School District v. Sullivan*, 51 S.W.3d 293 (Tex. 2001) (per curiam), two retaliatory-discharge cases brought by

---

[4] *See also Davis v. Dallas County Schools*, No. 05-07-00822-CV, 2008 Tex. App. LEXIS 4403 (Tex. App.—Dallas 2008, no pet. h.) (citing *Dallas County v. Gonzales*, 183 S.W.3d 94, 107 (Tex. App.—Dallas 2006, pet. denied) (holding that chapter 451 requires employee to exhaust administrative procedures).

school district employees, the *Gonzales* court determined that the plaintiff's "failure to exhaust administrative remedies before bringing suit on the Anti-Retaliation Law deprives the trial court of jurisdiction over that cause of action." *Id.*

In reaching this conclusion, the Dallas court did not address the fact that both *McCarty* and *Wilmer-Hutchins*, the sole authorities on which it based its jurisdictional holding, dealt with suits against school districts. As we have previously discussed, exhaustion of a school district's grievance procedures is required in a suit that concerns (1) the school laws of the state or (2) actions or decisions of any school district board of trustees that violate the school laws of this state or a provision of a written contract between the school district and a school district employee. *See* Tex. Educ. Code Ann. § 7.057(a) (West 2006); *see also Lowery*, 212 S.W.3d at 831. While the plaintiffs' retaliatory-discharge claims arguably did not fall within this grant of exclusive jurisdiction under the education code, it was uncontested by the parties in both *McCarty* and *Wilmer-Hutchins* that the school employees were required to exhaust their administrative remedies. *See McCarty*, 165 S.W.3d at 353 (neither party challenges court of appeals' holding that exhaustion of remedies was prerequisite to trial court's jurisdiction); *Wilmer-Hutchins*, 51 S.W.3d at 294 (plaintiff acknowledges that exhaustion of remedies is prerequisite to trial court's jurisdiction "in a case like this involving disputed fact issues").

Furthermore, after pointing out that chapter 451 of the labor code contains no exhaustion requirement, but that "the court below and others have required exhaustion of retaliation complaints by school employees," the *McCarty* court stated, "As we did in *Wilmer-Hutchins*, we again assume this is correct without deciding it as McCarty 'acknowledges that exhaustion of

14

remedies is a prerequisite to the trial court's jurisdiction in a case like this involving disputed fact issues.'" 165 S.W.3d at 353 n.8 (quoting *Wilmer-Hutchins*, 51 S.W.3d at 294).

Thus, the supreme court in *McCarty* and *Wilmer-Hutchins* expressly reserved the question of whether a school employee was required to exhaust administrative remedies before filing a retaliation suit against the school district. The court did not indicate that an exhaustion rule would apply beyond "a case like this" involving "retaliation complaints by school employees." *See id.* Given these statements, we do not agree with TCAD that *McCarty* and *Wilmer-Hutchins* impose a general exhaustion requirement whenever a plaintiff brings a chapter 451 retaliatory-discharge claim against a governmental entity. Nor are we convinced by the reasoning of the *Gonzales* court in holding that exhaustion of administrative remedies is universally required in order to confer jurisdiction over a chapter 451 retaliatory-discharge claim.[5] Accordingly, we reject TCAD's argument that "the only plausible basis for exhaustion in these cases is that the employees were bringing suit against their governmental entity employer."[6]

---

[5] Norman also argues that *Gonzales*, a retaliation suit brought against a county, should be distinguished on the basis that the legislature had expressly delegated authority over the discharged plaintiff's claims to an administrative body under the local government code, similar to its delegation of authority to decide disputes related to school law under the education code. *See* Tex. Loc. Gov't Code Ann. §§ 158.001-.040 (West 2008) (governing county civil service commissions, which have authority over county employee layoffs and dismissals, disciplinary actions, and grievance procedures). As a county employee, Gonzales was required by statute to exhaust the procedures promulgated by the Dallas county civil service commission before appealing a final decision of the commission in district court, subject to review under the substantial-evidence rule. *See id.* §§ 158.012-.0122. The labor code, Norman points out, contains no such provision delegating exclusive original jurisdiction to any administrative body, let alone a tax appraisal district, over retaliation claims.

[6] TCAD also cites a case from the Fifth Circuit in support of its assertion that an exhaustion requirement does not depend on the grant of exclusive jurisdiction to an administrative agency. *See Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004)

The cases on which TCAD primarily relies, *Gonzales* and *Martin K. Eby*, can be distinguished for the fact that under each of the relevant statutory schemes, there was a separate statutory basis for requiring exhaustion of remedies apart from chapter 451 itself. Because we can infer no intent on the part of the legislature to create an exhaustion requirement as a prerequisite to filing suit under chapter 451, we hold that, unless a plaintiff is subject to an exhaustion-of-remedies requirement established by other applicable law, it is not necessary to exhaust administrative remedies in a chapter 451 retaliatory-discharge action in order to confer subject-matter jurisdiction on the trial court.

In its motion for rehearing, TCAD argues that the trial court also lacked subject-matter jurisdiction on the basis of TCAD's governmental immunity. *See Mapco, Inc. v. Carter*, 817 S.W.2d 686, 687 (Tex. 1991) (stating that lack of jurisdiction is fundamental error and may be raised for first time in motion for rehearing). The Texas Supreme Court has held that a political subdivision's governmental immunity is waived for retaliatory-discharge claims under chapter 451. *See City of LaPorte v. Barfield*, 898 S.W.2d 288, 298-99 (Tex. 1995); *see also Kerrville State Hosp.*, 28 S.W.3d at 9-10 (citing *Barfield* and holding that state agencies' sovereign immunity is also waived under chapter 451).

("Texas courts generally do require a party to exhaust its administrative remedies before seeking judicial review of the decision of a governmental entity."). However, the court based its holding that exhaustion of DART's dispute-resolution procedures was required before filing suit for breach of contract on the fact that the legislature "explicitly delegated to DART the power to 'adopt and *enforce*' dispute-resolution procedures" in the transit authority's enabling legislation. *Id.* at 469. TCAD does not point to any comparable authority, nor have we found any, indicating that the legislature intended to delegate to tax appraisal districts the authority to adopt and enforce grievance procedures governing personnel actions.

16

TCAD argues that *Barfield* has been superceded by *Tooke v. City of Mexia*, 197 S.W.3d 325 (Tex. 2006). In *Tooke*, the supreme court held that certain phrases, standing alone, do not constitute the clear and unambiguous language necessary to waive governmental immunity.[7] 197 S.W.3d at 328-29. However, despite TCAD's suggestions to the contrary, the *Tooke* holding applies only to those statutes containing the specified phrases. *See id.* at 342 ("[T]he words 'sue and be sued', standing alone, are if anything, unclear and ambiguous. The effect of similar clauses, like 'plead and be impleaded', is indistinguishable, and therefore those clauses do not, by themselves, waive immunity."). *Tooke* does not address the type of immunity waiver found in *Barfield*, in which the supreme court held that because section 504.003 of the labor code requires public employees to elect between a retaliatory-discharge claim under chapter 451 and a whistleblower claim under chapter 554, the fact that immunity is clearly waived under the whistleblower statute suggests that immunity is also waived under chapter 451. *See Barfield*, 898 S.W.2d at 298 ("This election-of-remedies provision . . . persuades us, in the end, that the Legislature must have intended to waive political subdivisions' immunity for liability imposed by the Anti-Retaliation Law [in labor code chapter 451]."). Because *Tooke*'s holding is limited and does not address the type of immunity waiver found in *Barfield*, we decline TCAD's invitation to view *Barfield* as being overruled, absent guidance to that effect from the supreme court.

---

[7] The opinion specifically refers to statutes providing that individuals and entities "may 'sue and (or) be sued', '(im)plead and (or) be impleaded', 'be impleaded', 'prosecute and defend', 'defend or be defended', 'answer and be answered', 'complain and (or) defend', or some combination of these phrases, in court." *Tooke v. City of Mexia*, 197 S.W.3d 325, 328 (Tex. 2006).

## CONCLUSION

Chapter 451 of the labor code does not require a plaintiff to exhaust the administrative procedures of a governmental entity in order to confer subject-matter jurisdiction in a suit for retaliatory discharge. Furthermore, TCAD's governmental immunity is waived for retaliatory-discharge claims under chapter 451. Because there was no error in the denial of TCAD's plea to the jurisdiction, we affirm the judgment of the district court.

_____

Diane M. Henson, Justice

Before Chief Justice Law, Justices Waldrop and Henson

Affirmed on Motion for Rehearing

Filed:  December 19, 2008