# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-07-00497-CV

**George Lueck, Appellant**

**v.**

**State of Texas and Texas Department of Transportation, Appellees**

**FROM THE DISTRICT COURT OF TRAVIS COUNTY, 261ST JUDICIAL DISTRICT
NO. D-1-GN-05-004022, HONORABLE SCOTT H. JENKINS, JUDGE PRESIDING**

## O P I N I O N

Appellant George Lueck filed suit against his former employer, the State of Texas and the Texas Department of Transportation (collectively, the "Department"), for gender-based employment discrimination. The Department filed a plea to the jurisdiction, asserting that sovereign immunity and Lueck's untimeliness and failure to exhaust administrative remedies barred his claims. *See* Tex. Lab. Code Ann. § 21.202(a) (West 2006) (providing that claimant must file administrative complaint within 180 days of allegedly discriminatory employment action). The trial court granted the Department's plea to the jurisdiction and dismissed Lueck's suit. On appeal, Lueck asserts that the trial court erred in granting the Department's plea to the jurisdiction because the statutory requirement to file an administrative complaint within 180 days is not jurisdictional. We will affirm the trial court's dismissal order.

## BACKGROUND

In November 2003, Lueck was employed as the assistant director of traffic analysis in the Department's planning and programming division. According to his first amended petition, he was discharged on November 12, 2003 for gender-motivated reasons in violation of the Texas Commission on Human Rights Act, the relevant portions of which are now codified in chapter 21 of the labor code. *See* Labor Code §§ 21.001-.556.[1] Lueck alleged that he was dismissed along with two other employees, both women, when those employees committed misconduct. Because the Department feared a gender-discrimination suit would be brought by the female employees, Lueck asserted, the Department "fabricated excuses" to discharge him as well. He further alleged that after he was discharged, the Department realized that "there had been no reasonable basis to discharge him in the first place," but decided that, "since [Lueck] was a male, it was not a good idea to rehire him." Lueck pleaded that, "on more than one occasion," the Department made the decision not to reinstate or rehire him because of his gender; he did not, however, identify the date or dates on which these decisions were allegedly made.

On June 21, 2005, Lueck filed his first complaint of sex discrimination with the civil rights division of the Texas Workforce Commission (the "Commission"). In the space on his intake questionnaire asking for "Date (month, day, & year) of the Last Incident of Discrimination," Lueck responded, "Ongoing." His description of the employment harm states: "Mr. Lueck was discharged

---

[1] Chapter 21 was entitled the Texas Commission on Human Rights Act ("TCHRA") until the abolition of the Commission on Human Rights. *See Little v. Texas Dep't of Criminal Justice*, 148 S.W.3d 374, 377-78 (Tex. 2004). In 2004, the powers and duties of the Commission on Human Rights were transferred to the Texas Workforce Commission civil rights division. *See* Labor Code § 21.0015.

and the employer refuses to rehire or compensate him." In explaining how the adverse employment action was discriminatory, Lueck wrote that the Department "feared two disciplined females would sue [it] unless a token male was sacrificed." The Commission acknowledged receipt of the complaint and conducted an initial investigation. On September 20, 2005, it sent Lueck a "Dismissal Notice" stating that the information he provided "is not sufficient to file a claim of employment discrimination under the Texas Commission on Human Rights Act."[2]

On November 15, 2005, Lueck filed suit against the Department under sections 106.001 and 106.002 of the civil practice and remedies code, asking the court to find that (1) he was improperly terminated and refused reinstatement or re-employment because of his gender, (2) the reasons given for his termination were pretexts for discrimination against him, (3) he was entitled to reinstatement and re-employment, and (4) he was entitled to entry of a permanent injunction prohibiting continued discrimination against him in his efforts to obtain reinstatement and employment. Lueck also sought an injunction reinstating him to employment with the Department, backpay, wages from the time of judgment until his reinstatement, compensatory damages, pre- and post-judgment interest, and attorney's fees and costs.

The Department filed a plea to the jurisdiction, arguing that Lueck's employment-discrimination claims were barred by sovereign immunity and that he did not timely exhaust his administrative remedies by filing his complaint within 180 days of the allegedly

---

[2] The record also contains a charge form that Lueck filed with the Equal Employment Opportunity Commission ("EEOC") on December 20, 2005. On this form, Lueck indicated that the date the discrimination occurred was September 7, 2004, the last date that he applied for positions at the Department.

3

discriminatory employment action. *See* Labor Code § 21.202(a) ("A complaint under this subchapter must be filed not later than the 180th day after the date the alleged unlawful employment practice occurred."). In so arguing, the Department relied on the jurisdictional facts Lueck asserted in his petition that he was discharged on November 12, 2003, and that he filed his administrative complaint with the Commission on June 21, 2005. The Department also attached evidence to its plea in response to Lueck's claim that the discrimination was "ongoing" after his November 12 discharge because the Department continually refused to rehire him. This evidence included: (1) Lueck's deposition, in which he stated that he applied for four different jobs with the Department in July and August 2004; (2) documents describing the Department's policy of filling positions within 60 days of the job's closing date; and (3) evidence that the job postings to which Lueck applied had all expired by October 2, 2004—*i.e.*, more than 180 days before he filed his administrative complaint with the Commission. The Department further argued in its plea that Lueck's allegations under chapter 106 of the civil practice and remedies code were barred by sovereign immunity and that the 180-day filing requirement applied to those claims as well.

After a hearing, at which Lueck's attorney conceded that Lueck had not complied with the 180-day requirement in the statute, the trial court granted the Department's plea to the jurisdiction. Lueck now appeals.

### STANDARD OF REVIEW

A plea to the jurisdiction is the proper vehicle to challenge a trial court's authority to determine the subject matter of a specific cause of action. *See Bland Indep. Sch. Dist. v. Blue*, 34 S.W.3d 547, 553-54 (Tex. 2000). Whether a court has subject-matter jurisdiction and whether

4

a plaintiff has alleged facts that affirmatively demonstrate subject-matter jurisdiction are questions of law that we review de novo. *Texas Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226 (Tex. 2004). In deciding a plea to the jurisdiction, we are not to weigh the merits of the plaintiff's claims, but are to consider the plaintiff's pleadings, construed in the plaintiff's favor, and evidence pertinent to the jurisdictional inquiry. *Id.* at 227-28; *County of Cameron v. Brown*, 80 S.W.3d 549, 555 (Tex. 2002).

In this case, the jurisdictional inquiry turns on whether Lueck was required to have filed his administrative complaint with the Commission not later than 180 days after the allegedly unlawful employment practice occurred. The Department asserts that Lueck's pleadings and its own undisputed jurisdictional evidence establish that he failed to do so. On appeal, Lueck does not challenge the Department's jurisdictional evidence regarding the relevant dates, but argues instead that the 180-day rule is not a jurisdictional requirement. In such a case as this when the jurisdictional facts do not implicate the merits of the case and are undisputed, the court makes the jurisdictional determination as a matter of law based solely on those undisputed facts. *Miranda*, 133 S.W.3d at 228. We review that determination de novo. *Id.*

To determine whether a statutory requirement is jurisdictional, we apply statutory interpretation principles. *City of DeSoto v. White*, 288 S.W.3d 389, 394 (Tex. 2009). In so doing, our goal is to ascertain legislative intent by examining the statute's plain language. *Id.* We review this statutory interpretation question de novo. *Id.* at 683.

**DISCUSSION**

In a single issue on appeal, Lueck asserts that the trial court erred in granting the Department's plea to the jurisdiction and dismissing his employment-discrimination claims for lack of subject-matter jurisdiction.

As a preliminary matter, we note that Lueck's pleadings in this case state that he was bringing his claims "[p]ursuant to" sections 106.001 and 106.002 of the civil practice and remedies code. This Court has held—and recently reaffirmed the holding—that chapter 106 of the civil practice and remedies code does not comprehend employment-discrimination claims. *See Wright v. Texas Comm'n on Human Rights*, No. 03-03-00710-CV, 2005 Tex. App. LEXIS 5904, at *7-8 (Tex. App.—Austin July 27, 2005, pet. dism'd) (mem. op.); *see also University of Tex. v. Poindexter*, No. 03-04-00806-CV, 2009 Tex. App. LEXIS 5112, at *30 (Tex. App.—Austin July 3, 2009, no pet.). We again endorse this "longstanding and proper reading" of the statute and hold that the trial court lacked jurisdiction to hear any employment discrimination claims brought pursuant to chapter 106 of the civil practice and remedies code. *See Poindexter*, 2009 Tex. App. LEXIS 5112, at *30 (quoting *Wright*, 2005 Tex. App. LEXIS 5904, at *8).

Nevertheless, because Lueck also asserted in his first amended petition that the Department's decision to discharge him was made "in violation of the TCHRA," we will liberally construe his pleadings as asserting claims under chapter 21 of the labor code as well. Under chapter 21, an employer commits an unlawful employment practice if it discharges or discriminates in any other manner against an individual in connection with the terms, conditions, or privileges of employment because of his sex. *See* Labor Code § 21.051. Because the definition of "employer"

6

in chapter 21 includes state agencies such as the Department, s*ee id.* § 21.002(8)(D), the statute has been interpreted as providing a limited waiver of sovereign immunity when a governmental unit has committed employment discrimination, *see Mission Consol. Indep. Sch. Dist. v. Garcia*, 253 S.W.3d 653, 660 (Tex. 2008); *Texas Dep't of Criminal Justice v. Cooke*, 149 S.W.3d 700, 704 (Tex. App.—Austin 2004, no pet.). The Department argues, however, that Lueck's failure to comply with the procedural requirements of chapter 21 meant that its immunity from suit had not been waived, and therefore the trial court correctly determined that it had no jurisdiction over the suit. *See Garcia*, 253 S.W.3d at 660 ("[T]he Legislature . . . has consented to suits brought under the TCHRA, *provided the procedures outlined in the statute have been met*." (emphasis added)). Relatedly, the Department urges that Lueck's failure to timely exhaust his administrative remedies under chapter 21 deprived the court of subject-matter jurisdiction over his suit.

Chapter 21 provides that a person claiming to be aggrieved by an unlawful employment practice must file a complaint with the Commission. Labor Code § 21.201(a); *see Schroeder v. Texas Iron Works, Inc.*, 813 S.W.2d 483, 487-88 (Tex. 1991) (act establishes "a comprehensive administrative review system"). The statute further provides:

(a) A complaint under this subchapter must be filed not later than the 180th day after the date the alleged unlawful employment practice occurred.

(b) The commission shall dismiss an untimely complaint.

Labor Code § 21.202.

The Texas Supreme Court has held that the requirement in section 21.202(a) that a plaintiff timely file an administrative complaint with the Commission is "mandatory and

7

jurisdictional." *See Specialty Retailers, Inc. v. Demoranville*, 933 S.W.2d 490, 492 (Tex. 1996); *Schroeder*, 813 S.W.2d at 486. On appeal, however, Lueck argues that *Specialty Retailers* and *Schroeder* should be re-examined in light of *Dubai Petroleum Co. v. Kazi*, 12 S.W.3d 71 (Tex. 2000), and federal case law interpreting the administrative filing periods prescribed under Title VII.[3] He further asserts that the legislature did not intend chapter 21 of the labor code to have an exhaustion of administrative remedies requirement and that to read such a requirement into the statute would lead to absurd results.

### *Effect of* Dubai Petroleum

*Dubai* changed the long-standing rule in Texas that a plaintiff needed to strictly comply with statutory prerequisites to suit in order to confer jurisdiction on the courts for causes of action created by statute. The plaintiffs in *Dubai* were foreign citizens who sought to invoke the subject-matter jurisdiction of the court under Texas Civil Practice and Remedies Code section 71.031, which allows foreign citizens to bring a suit in Texas courts if they are from a country with equal treaty rights with the United States. *See* 12 S.W.3d at 73-74. The Texas Supreme Court held that the requirements under the equal-treaty-rights provision were not jurisdictional, and thus the plaintiffs' failure to comply with that statutory prerequisite did not automatically deprive

---

[3] In particular, Lueck cites *Zipes v. Trans World Airlines*, 455 U.S. 385 (1982), *National R.R. Passenger Corp. v. Morgan*, 536 U.S. 101 (2002), *Scarborough v. Principi*, 541 U.S. 401 (2004), and *Arbaugh v. Y&H Corp.*, 546 U.S. 500 (2006). In *Zipes*, the Supreme Court held that filing a timely charge of discrimination with the EEOC is not a jurisdictional prerequisite to suit in federal court but a requirement that, like a statute of limitations, is subject to waiver, estoppel, and equitable tolling. *See* 536 U.S. at 398. *Morgan* reiterated this holding, *see* 536 U.S. at 121, and *Scarborough* and *Arbaugh* applied a similar analysis to other non-jurisdictional statutory definitions and time prescriptions.

the trial court of subject-matter jurisdiction over their statutory causes of action. *See id.* at 76 (noting trial court had jurisdiction because claims for wrongful death were within its constitutional jurisdiction, not because plaintiffs satisfied all grounds listed in former section 71.031(a)). In so holding, the court expressed concern that, because a judgment will never be considered final if the court lacked subject-matter jurisdiction, such a conceptualization "opens the way to making judgments vulnerable to delayed attack for a variety of irregularities that perhaps better ought to be sealed in a judgment." *Id.* Based on this policy concern and without engaging in a detailed examination of the statute at issue, the court overruled *Mingus v. Wadley*, 285 S.W. 1084 (Tex. 1926), to the extent that decision had characterized a plaintiff's failure to establish a statutory prerequisite to suit as a "jurisdictional" defect. *See generally* Marnie A. McCormick, *Dubai or Not Dubai? That is the Question*, 2009 Advanced Texas Administrative Law Seminar, Tab 10, at 1-7.

Since *Dubai*, the Texas Supreme Court has been "reluctant to conclude that a provision is jurisdictional, absent clear legislative intent to that effect." *City of DeSoto*, 288 S.W.3d at 393. Indeed, the predominant trend among Texas courts has been "to view statutory prerequisites to claims as mandatory but not jurisdictional." *Ancira Enters., Inc. v. Fischer*, 178 S.W.3d 82, 89 n.8 (Tex. App.—Austin 2005, no pet.); *see also Wallace v. Texas Dep't of Health*, No. 03-06-00703-CV, 2007 Tex. App. LEXIS 7253, at *8-9 & n.7 (Tex. App.—Austin Aug. 28, 2007, no pet.) (mem. op.). Lueck urges us to similarly construe section 21.202 of the labor code, noting that the authority for the statements in *Specialty Retailers* and *Schroeder* that the 180-day filing requirement is jurisdictional can be traced back to *Mingus* and another Texas Supreme Court case, *Grounds v. Tolar Independent School District*, both of which were overruled in relevant part

9

by *Dubai*.[4] *See Grounds*, 707 S.W.2d 889, 891 (Tex. 1986); *Mingus*, 285 S.W. at 1087. He argues that support for the "jurisdictional dicta" in *Schroeder* and *Specialty Retailers* has been removed "because it was based entirely on the *Mingus* rule[,] which has been unqualifiedly discarded." We disagree, however, that the overruling of *Mingus* eliminated the only basis for determining that section 21.202 of the labor code is jurisdictional. On the contrary, as we will address below, we construe section 21.202 as a mandatory exhaustion-of-administrative-remedies requirement and therefore adopt the jurisdictional holdings in *Specialty Retailers* and *Schroeder* for reasons unrelated to the proposition that was undermined in *Dubai*.

### Section 21.202 Imposes an Exhaustion Requirement

Despite the effect that *Dubai* had in unsettling the long-held view that statutory prerequisites to suit are always jurisdictional requirements, this Court and the other courts of appeals that have addressed the issue have continued to cite *Specialty Retailers* and *Schroeder* in holding that a plaintiff's failure to comply with the 180-day filing requirement of chapter 21 deprives the court of subject-matter jurisdiction over his claims.[5] As Lueck points out, however, this Court has not yet

---

[4] *Specialty Retailers*, the most recent Texas Supreme Court case holding that the TCHRA's 180-day filing requirement is mandatory and jurisdictional, *see* 933 S.W.2d at 492, relied solely on *Schroeder*, which in turn cited a Third Court of Appeals case, *see* 813 S.W.2d at 486. That Third Court case, *Green v. Aluminum Co.*, cited *Mingus* and *Grounds* for the now-overruled proposition that, in a suit asserting statutory causes of action, the failure to comply with statutory prerequisites deprives the court of subject-matter jurisdiction. *See* 760 S.W.2d 378, 380 (Tex. App.—Austin 1988, no writ).

[5] *See, e.g.*, *Texas Dep't of Pub. Safety v. Alexander*, No. 03-05-00297-CV, 2009 Tex. App. LEXIS 8189, at *10-11 (Tex. App.—Austin Oct. 22, 2009, no pet. h.); *Tijerina v. Texas Alcoholic Beverage Comm'n*, No. 03-06-00427-CV, 2009 Tex. App. LEXIS 5462, at *7 (Tex. App.—Austin July 14, 2009, no pet.) (mem. op.); *University of Tex. v. Poindexter*, No. 03-04-00806-CV, 2009 Tex. App. LEXIS 5112, at *30 (Tex. App.—Austin July 3, 2009, no pet.); *Olivarez v. University of Tex.*,

10

been called upon to directly confront whether *Specialty Retailers* and *Schroeder* remain viable in light of *Dubai*. Therefore, we take this opportunity to examine why, post-*Dubai*, we continue to hold section 21.202 of the labor code to be jurisdictional.

The rationale depends not on the courts' blind adherence to an outdated rule, but because the statute has been interpreted as imposing a mandatory administrative remedy. In other words, Texas courts have construed chapter 21 of the labor code as a comprehensive remedial scheme that must be exhausted at the administrative level in order to confer subject-matter

No. 03-05-00781-CV, 2009 Tex. App. LEXIS 3796, at *8 (Tex. App.—Austin May 21, 2009, no pet.) (mem. op.); *Klebe v. University of Tex. Sys.*, No. 03-05-00527-CV, 2007 Tex. App. LEXIS 6154, at *5 (Tex. App.—Austin July 31, 2007, no pet.) (mem. op.); *Austin Indep. Sch. Dist. v. Lowery*, 212 S.W.3d 827, 831 (Tex. App.—Austin 2006, pet. denied); *Texas Dep't of Protective & Regulatory Servs. v. Lynn*, No. 03-04-00635-CV, 2005 Tex. App. LEXIS 6682, at *14 (Tex. App.—Austin Aug. 19, 2005, pet. denied) (mem. op.); *Texas Parks & Wildlife Dep't v. Dearing*, 150 S.W.3d 452, 458 (Tex. App.—Austin 2004, pet. denied).

Several of our sister courts have likewise held that the 180-day rule is jurisdictional, even in those cases where the plaintiffs had argued, as Lueck does here, that *Dubai* overruled or undermined the viability of *Specialty Retailers* and *Schroeder*. *See Bartosh v. Sam Houston State Univ.*, 259 S.W.3d 317, 321 & n.5 (Tex. App.—Texarkana 2008, pet. denied) (acknowledging that although not all mandatory statutory prerequisites are jurisdictional, chapter 21's filing requirement likely is); *El Paso County v. Navarrete*, 194 S.W.3d 677, 681-82 (Tex. App.—El Paso 2006, pet. denied) (concluding *Dubai* did not overrule *Schroeder* or undermine its holding that 180-day requirement is jurisdictional); *Czerwinski v. University of Tex. Health Sci. Ctr.*, 116 S.W.3d 119, 121 (Tex. App.—Houston [14th Dist.] 2002, pet. denied) (same).

*See also Texas Dep't of Criminal Justice v. Young*, No. 09-07-635-CV, 2008 Tex. App. LEXIS 7350, at *14 (Tex. App.—Beaumont Oct. 2, 2008, no pet.) (mem. op.); *Harris v. Showcase Chevrolet*, 231 S.W.3d 559, 561 (Tex. App.—Dallas 2007, no pet.); *Del Mar Coll. Dist. v. Vela*, 218 S.W.3d 856, 860 (Tex. App.—Corpus Christi 2007, no pet.); *Davis v. Autonation USA, Corp.*, 226 S.W.3d 487, 491 (Tex. App.—Houston [1st Dist.] 2006, no pet.); *Texas Tech Univ. v. Finley*, 223 S.W.3d 510, 513 (Tex. App.—Amarillo 2006, no pet.); *Cooper-Day v. RME Petroleum Co.*, 121 S.W.3d 78, 83 (Tex. App.—Fort Worth 2003, pet. denied); *Guevara v. H.E. Butt Grocery Co.*, 82 S.W.3d 550, 552 (Tex. App.—San Antonio 2002, pet. denied) (all concluding that section 21.202 of labor code is jurisdictional).

jurisdiction on the trial court. *See, e.g.*, *Donna Indep. Sch. Dist. v. Rodriguez*, No. 13-09-00185-CV, 2009 Tex. App. LEXIS 7324, at *6-7 (Tex. App.—Corpus Christi Sept. 17, 2009, no pet.) (mem. op.); *Texas Dep't of Criminal Justice v. Young*, No. 09-07-635-CV, 2008 Tex. App. LEXIS 7350, at *14 (Tex. App.—Beaumont Oct. 2, 2008, no pet.) (mem. op.); *Davis v. Autonation USA Corp.*, 226 S.W.3d 487, 491 (Tex. App.—Houston [1st Dist.] 2006, no pet.); *Austin Indep. Sch. Dist. v. Lowery*, 212 S.W.3d 827, 833 (Tex. App.—Austin 2006, pet. denied); *Texas Dep't of Protective & Regulatory Servs. v. Lynn*, No. 03-04-00635-CV, 2005 Tex. App. LEXIS 6682, at *14 (Tex. App.—Austin Aug. 19, 2005, pet. denied) (mem. op.); *City of Houston v. Fletcher*, 63 S.W.3d 920, 922 (Tex. App.—Houston [14th Dist.] 2002, pet. denied); *see also Schroeder*, 813 S.W.2d at 485-86 (describing TCHRA as "a comprehensive administrative review system" and holding that "a person claiming a CHRA violation must first exhaust the CHRA's administrative remedies prior to bringing a civil action for such violation").

"Failure to exhaust administrative remedies is truly jurisdictional in nature: it deprives courts of subject-matter jurisdiction over a claim." *Lynn*, 2005 Tex. App. LEXIS 6682, at *14; *see Thomas v. Long*, 207 S.W.3d 334, 340-42 (Tex. 2006) (holding failure to exhaust administrative remedies deprives trial court of subject-matter jurisdiction). Thus, we concluded in *Lynn* that, "unless and until the supreme court departs from its view in *Schroeder* that the Commission on Human Rights Act requires exhaustion of remedies, we will continue to treat the 180-day filing requirement as 'mandatory and jurisdictional.'" *Id.* (quoting *Specialty Retailers*, 933 S.W.2d at 492). Accordingly, our examination of whether section 21.202 is jurisdictional turns

on whether the legislature actually intended chapter 21 of the labor code to impose administrative remedies that must be exhausted, as the supreme court held in *Schroeder*.

Notably, Lueck does not challenge the holding in *Schroeder* that chapter 21 provides a mandatory remedial scheme that must be exhausted before the administrative agency. Instead he asserts that the text of the statute fails to indicate that the legislature intended to confer exclusive jurisdiction on the Commission to resolve employment-discrimination disputes. His argument is addressed to the principle that the purpose of an exhaustion-of-remedies requirement is to ensure that the appropriate body adjudicates the dispute, which is the "hallmark of a jurisdictional statute." *University of Tex. Sw. Med. Ctr. v. Loutzenhiser*, 140 S.W.3d 351, 361 (Tex. 2004) (citing *Essenburg v. Dallas County*, 988 S.W.2d 188, 189 (Tex. 1988) (per curiam)). The legislature decides that an administrative body is the appropriate place to resolve an issue when it establishes an administrative procedure for that purpose. *Strayhorn v. Lexington Ins. Co.*, 128 S.W.3d 772, 780 (Tex. App.—Austin 2004), *aff'd*, 209 S.W.3d 83 (Tex. 2006). But "[w]here the legislature has not expressed an intent to grant an agency the sole authority to make the initial determination of a dispute"—*i.e.*, it has not conferred exclusive jurisdiction on the agency—"there is no jurisdictional issue barring a court from adjudicating the dispute." *Travis Cent. Appraisal Dist. v. Norman*, 274 S.W.3d 902, 909-10 (Tex. App.—Austin 2008, pet. granted) (citing *Department of Protective & Regulatory Servs. v. Schutz*, 101 S.W.3d 512, 518 (Tex. App.—Houston [1st Dist.] 2002, no pet.)).

Contrary to Lueck's assertions, however, the legislature *has* established an administrative procedure in chapter 21 of the labor code that allows the Commission to receive,

investigate, and resolve employment-discrimination disputes. *See generally* Labor Code §§ 21.003-.210 (listing power and duties of Commission, describing complaint procedure, and authorizing Commission to investigate complaints). Specifically, the Commission has the power to file civil actions to effectuate the purposes of the anti-discrimination statute, to compel witnesses to testify, and to order the production of records, documents, and other evidence to investigate alleged violations of the chapter. *See id.* § 21.003(a)(3)-(4). The administrative claim requirements of section 21.202 are integral to this comprehensive scheme, in contrast to the stand-alone presentment or notice-of-suit requirements that have been held to be non-jurisdictional. *See Loutzenhiser*, 140 S.W.3d at 361-62 ("A requirement of presentment merely gives a governmental unit an opportunity to decide for itself whether to pay a claim."); *see also Essenburg*, 988 S.W.2d at 188-89 (same).

The language of section 21.202 itself is also significant. The provision states that the Commission *shall* dismiss complaints that are not filed within the 180-day statute of limitations, *see* Labor Code § 21.202(a)-(b), meaning that the Commission has no discretion to waive compliance with the timely filing requirement. *Cf. Igal v. Brightstar Info. Tech. Group, Inc.*, 250 S.W.3d 78, 85 (Tex. 2008) (comparing requirements that are jurisdictional and those that are subject to estoppel, waiver, and equitable tolling). In *Igal*, a case on which Lueck heavily relies, the statute at issue was a filing-limitations provision in chapter 61 of the labor code, which governs wage claims. *See id.* at 84-85. The *Igal* court ultimately determined that the chapter 61 provision was not intended to be jurisdictional. *See id.* at 86. At the time the case was decided, however, the chapter 61 provision did not contain language similar to the filing provision of section 21.202(b) requiring

the Commission to dismiss untimely claims.[6]  The two statutes are clearly distinguishable on this basis alone.

Furthermore, our reading of chapter 21 is consistent with numerous Texas Supreme Court decisions approving the holding in *Schroeder* that employment-discrimination claims require the timely exhaustion of administrative remedies.  *See, e.g.*, *City of Waco v. Lopez*, 259 S.W.3d 147, 154 (Tex. 2008) (describing "unique and comprehensive provisions" established in chapter 21, discussing authority vested in "the Texas Workforce Commission civil rights division, a stand-alone commission specifically dedicated to curbing unlawful workplace bias," and concluding that noncompliance with Commission procedures "deprives courts of subject-matter jurisdiction" over employment-discrimination disputes); *Hoffmann-La Roche, Inc. v. Zeltwanger*, 144 S.W.3d 438, 446 (Tex. 2004) ("exhaustion of administrative remedies is a mandatory prerequisite to filing a civil action alleging violations of the CHRA"); *Austin v. Healthtrust, Inc.*, 967 S.W.2d 400, 403 (Tex. 1998) (listing section 21.202's 180-day statute of limitation among statutory schemes that "require exhaustion of administrative remedies before filing suit").

In light of the foregoing, we conclude that the filing requirement contained in section 21.202 of the labor code is part of an administrative remedy that must be exhausted before

---

[6]  We note that the legislature has since amended chapter 61 to make the 180-day filing deadline for wage claims jurisdictional, *see* Labor Code § 61.051(c) (West Supp. 2009), and to require the dismissal of untimely wage claims for lack of jurisdiction, *see id.* § 61.052(b-1), effectively overruling *Igal*.  We further note that the *Igal* court expressly distinguished *Specialty Retailers* and *Schroeder*, noting that those cases dealt with a "different statutory scheme."  *See Igal v. Brightstar Info. Tech. Group, Inc.*, 250 S.W.3d 78, 83 n.5 (Tex. 2008).

15

filing suit for employment discrimination. Until a party has exhausted this requirement, the trial court lacks subject-matter jurisdiction over his claims. *See Thomas*, 207 S.W.3d at 340.

### *Federal Law*

Lueck devotes much of his brief to a discussion of Title VII, the federal counterpart to chapter 21 of the labor code, and Supreme Court rulings determining that the Title VII administrative filing deadlines are not jurisdictional. *See, e.g.*, *Zipes v. Trans World Airlines*, 455 U.S. 385 (1982). Citing cases in which the Texas Supreme Court has indicated that "federal case law may be cited as authority in cases relating to the Texas Act," *see Zeltwanger*, 144 S.W.3d at 445-46, he argues that federal law must "control" our interpretation of the Texas statute and compel us to likewise determine that section 21.202 is non-jurisdictional.

Lueck's arguments misunderstand the nature of the parallel federal and state schemes. As the Texas Supreme Court explained in *Lopez*,

> We do not hold that claims covered by the CHRA can only be brought under the CHRA or that the CHRA is the exclusive word on work-related discrimination and retaliation in Texas; federal and local governments are free to enact their own laws to address workplace discrimination and retaliation, and claimants are free to seek relief under parallel federal or local laws.

259 S.W.3d at 155. Lueck, having elected to bring suit under the state employment-discrimination statute, is bound by the procedures that the Texas Legislature created to govern state claims and cannot import procedural rules from the federal statute. *Cf. Ashcroft v. HEPC-Anatole, Inc.*, 244 S.W.3d 649, 651 (Tex. App.—Dallas 2008, no pet.) (rejecting plaintiff's attempt to invoke Title VII's 300-day filing deadline for her claims under chapter 21 of Texas Labor Code). In

16

construing the provisions of the Texas statute, we must be guided by the intent of the legislature, *see Lopez*, 259 S.W.3d at 153, which establishes the jurisdictional limits of the district courts and administrative agencies, *see Igal*, 250 S.W.3d at 83. Moreover, as the Texas Supreme Court recently indicated,

> Construing the CHRA to require exhaustion [of administrative remedies] *is consistent with* its purpose to provide for the execution of the policies embodied in Title VII, 42 U.S.C. § 2000e et seq. Those policies include administrative procedures involving informal conference, conciliation and persuasion, as well as judicial review of administrative action. *Another important policy of Title VII is exhaustion of administrative remedies prior to litigation.*

*Lopez*, 259 S.W.3d at 154-55 (quoting *Schroeder*, 813 S.W.2d at 487 (emphases added)). We reject Lueck's assertion that reading section 21.202 as a requirement that implicates the court's jurisdiction is incompatible with the aims of the federal law.

Accordingly, we hold that the trial court did not err in granting the Department's plea to the jurisdiction and overrule Lueck's sole issue on appeal.

## CONCLUSION

Because Lueck's failure to timely file his administrative complaint with the Commission deprived the trial court of subject-matter jurisdiction over his claims, we affirm the trial court's order granting the Department's plea to the jurisdiction.

17

_____

J. Woodfin Jones, Chief Justice

Before Chief Justice Jones, Justices Puryear and Pemberton

Affirmed

Filed:   November 13, 2009